Janeen BARBER, individually and as Personal Representative for the Estate of, Robert William Barber, Deceased, Lisa Jean Barber, Janeen Barber in her representative capacity as mother of her infant children, Robin Janeen Barber and Robert W. Barber, Jr., Minors and on their behalfs, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee,

BELLEFONTE INSURANCE COMPANY, A Delaware Corp., Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

Arlene E. ZELLER, Substituted for Ross Zeller, deceased, and Corvallis Aero Service, Inc., Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

Nos. 81–3412, 81–3436.

United States Court of Appeals, Ninth Circuit.

Argued Oct. 7, 1982.

Submitted April 21, 1983.

Decided July 19, 1983.

Robert J. Neuberger, Burl & Green, Port-land, Or., Dan Neal, Eugene, Or., Bruce Bailey, Burlingame, Cal., Jan Kitchel, Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, Or., for plaintiffs-appellants.

J. Paul McGrath, Asst. Atty. Gen., Barbara J. Ballin, Washington, D.C., for defendant-appellee.

Before WALLACE, FARRIS, and NELSON, Circuit Judges.

NELSON, Circuit Judge:

Appellants challenge a district court judgment that appellants were not entitled to recover from the United States in a negligence action arising out of the crash of a private airplane. They contend that the district court's amended findings of fact regarding the comparative negligence of the parties should be set aside because they were made in order to conform to a predetermined outcome. We reverse and remand for a new trial.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from the crash of a private plane northwest of Medford, Oregon, on January 15, 1978. All six persons on board, the pilot and five passengers, were killed.

The following parties sued the United States under the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680 (1976 & Supp. V 1981): (1) the estates of all five passengers; (2) the estate of the pilot (Barber); (3) the company that employed the pilot and owned the airplane, Arlene Zeller and Corvallis Aero Service, Inc.; and (4) Corvallis' insurance carrier, Bellefonte Insurance Co. The plaintiffs alleged that negligent air traffic controllers were responsible for the crash.

Four of the passengers settled with the United States. The claims of Barber, Corvallis, Bellefonte, and the estate of passenger Sherwood were consolidated for trial. After a bench trial, the district court entered findings of fact and conclusions of law on June 29, 1981. The district court found that the air traffic controllers and the pilot, Barber, were equally negli-

gent. Applying Oregon law, the court concluded that the passenger, Sherwood, was entitled to recover damages from the United States. The court also concluded, however, that Barber, Corvallis, and Bellefonte were barred from recovering against the United States because of Barber's negligence. This latter conclusion was incorrect under Oregon law, which permits some recovery by a negligent plaintiff so long as the plaintiff's fault is not greater than the combined fault of the persons against whom recovery is sought. O.R.S. § 18.470.

On July 1, 1981, Barber and Bellefonte filed a joint notice of appeal. On July 9, 1981, the district court filed amended findings of fact and conclusions of law. In the amended findings, the district court found that Barber's negligence was greater than that of the United States and again concluded that Barber, Bellefonte, and Corvallis could not recover. On July 9, 1981, Corvallis filed its notice of appeal.

We concluded that the district court did not have jurisdiction to amend the findings of fact as to appellants Barber and Bellefonte because they had already filed a notice of appeal. See *Hoffman v. Beer Drivers & Salesmen's Local 888*, 536 F.2d 1268, 1276 (9th Cir.1976) ("[A]n appeal to the circuit court deprives a district court of jurisdiction as to any matters involved in the appeal."). We noted, however, that the district court would have reconsidered its findings of fact and conclusions of law had it been proper to have done so. We therefore remanded to the district court to hold hearings and to consider amendments to the findings and conclusions. We retained jurisdiction over the appeal and gave the parties an opportunity to file new briefs.

On remand the district court amended its findings of fact and found that Barber's negligence was greater than that of the United States. The judge again concluded that Barber, Bellefonte, and Corvallis were not entitled to recover. He indicated that he had amended his findings in order to accomplish the result he desired. In his amended findings and conclusions, the judge stated:

Review of the Findings and Conclusions clearly shows that the result intended by the Court in the original Findings and Conclusions remains the same throughout the Amended Findings and Conclusions. The Court ... was under a misapprehension concerning the Oregon comparative negligence statute.... When the Court learned that the comparative negligence principle applied to reach the result found by the Court was in fact not the Oregon comparative negligence law, the Court immediately filed an Amendment to its Findings and Conclusions to conform them to Oregon law.

Similarly, during a telephone conference between the district court judge and the parties, the judge stated:

I decided in my own mind from listening to the evidence how the matter should come out. I thought I was doing that in interpreting Oregon's comparative negligence law. After it was done, I found that I was in error in doing that so I amended the findings and conclusions to bring the result into conformity with what I thought the result should be.

These statements by the district court judge can be read to support the argument that he amended the findings in order to support a specific result.

## DISCUSSION

The district court judge found the facts regarding the comparative negligence of the parties in order to conform to what he considered the proper outcome. It might be argued that the effort to quantify comparative negligence is not a mathematical undertaking and that judges often assign percentages of comparative negligence on the basis of their judgments as to which party should prevail. Our system of adjudication, however, requires that the trial judge must first find the facts and then apply the law to the facts he has found.

Rule 52 of the Federal Rules of Civil Procedure requires that the trial judge set forth his findings of fact and conclusions of law so that we may have a clear understanding of the basis of the decision. *Lund-*

gren v. Freeman, 307 F.2d 104, 114 (9th Cir.1962). By reviewing trial court findings of fact, we insure the integrity of the fact-finding process. Id., (citing Blume, Review of Facts in Non-Jury Cases, 20 Am.Judicature Soc'y 68, 69–70 (1936)).

A trial judge may modify his findings of fact, but he must do so in such a way that he leaves no doubt that his modification is based solely upon the evidence. Here, the only reason the trial judge gave for his modification was that he had concluded that the pilot should not recover. The judge may have concluded that the pilot should not recover because the evidence dictated no other result, but, since the language he used is susceptible to the interpretation that the appellants urge, we must reverse and remand for a new trial.

In a bench trial the judge has the duty to determine the proportions of comparative negligence. In enacting the comparative negligence statute, the legislature determined the proportion of comparative negligence that will bar a plaintiff's recovery. The two functions are distinct and separate. The language of the trial court must reflect this. Since the amended findings of fact are stated in a way to suggest that they were predetermined by the outcome, we hold that they are clearly erroneous as a matter of law.

Appellants argue that the original findings of fact should be allowed to stand. We reject the argument. The trial judge, who entered those findings, left no doubt that he found the negligence of the pilot sufficient to preclude recovery. Our inclination is to affirm the modification, but fairness to the appellants requires that we resolve any remaining doubt.

While we remand without direction, we note that sometimes "unusual circumstances" require that, "both for the judge's sake and for the appearance of justice," the case be assigned to a different judge. United States v. Robin, 553 F.2d 8, 10 (2d Cir.1977) (en banc) (citations omitted), quoted in United States v. Arnett, 628 F.2d 1162, 1165 (9th Cir.1979). When this is the case, we have authority to remand to a different judge under our inherent power to effectuate the manifest ends of justice, United States v. Ritter, 273 F.2d 30, 32 (10th Cir.1959), cert. denied, 362 U.S. 950, 80 S.Ct. 863, 4 L.Ed.2d 869 (1960), and under our statutory authority to "remand the cause and ... require such further proceedings to be had as may be just under the circumstances," 28 U.S.C. § 2106 (1976); Tanner Motor Livery, Ltd. v. Avis, Inc., 316 F.2d 804, 811 (9th Cir.), cert. denied, 375 U.S. 821, 84 S.Ct. 59, 11 L.Ed.2d 55 (1963). We remand to the district court to determine if such "unusual circumstances" exist in this case. At this time we suggest, but do not require, that the new trial be conducted before a different judge.

REVERSED AND REMANDED.