UNITED STATES of America,
Plaintiff-Appellee,

v.

Guy Robin EDWARDS,
Defendant-Appellant.

No. 85-1117.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 28, 1986.

Decided Sept. 23, 1986.

Leslie Osborne, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Jack F. Schweigert, Schweigert & Associates, Honolulu, Hawaii, for defendant-appellant.

Before FERGUSON, CANBY and HALL, Circuit Judges.

CANBY, Circuit Judge:

Guy Robin Edwards appeals his sentence, imposed after he pleaded guilty to three drug trafficking counts.[1] We affirm in part and reverse in part.

Edwards' plea was accepted by Judge King on May 8, 1984, after the commencement of trial. On September 10, 1984, Judge King conducted a sentencing hearing during which Edwards challenged some information in the presentence report relating to the extent of his involvement in drug transactions and to allegations that he attempted to influence witnesses.[2] Judge King determined that an evidentiary hearing was necessary and set the hearing for November 19, 1984. After several continuances and over Edwards' objection, the evidentiary hearing was conducted on April 22, 1985, before a visiting judge, Judge Belloni, who pronounced sentence. No findings on controverted matters were entered at the time of sentencing; findings were entered several months after Edwards appealed.

Edwards appeals his sentence. He argues that he must be resentenced because the sentencing judge failed to enter the findings required by Rule 32(c)(3)(D), Federal Rules of Criminal Procedure, at the time of sentencing. He contends that the

district court lacked jurisdiction to enter its findings after Edwards filed his notice of appeal. Edwards also contends that the district court erred by denying his motion to continue sentencing in order to permit Judge King, who took his guilty plea and conducted the initial sentencing proceeding, to preside over the evidentiary hearing and to pronounce sentence.

## I. Presentence Report

[1] A defendant who challenges information used in sentencing must show that the information " 'is (1) false or unreliable, and (2) demonstrably made the basis for the sentence.' "[3] *United States v. Stewart,* 770 F.2d 825, 832 (9th Cir.1985) (quoting *United States v. Ibarra,* 737 F.2d 825, 827 (9th Cir.1984)), *cert. denied,* —— U.S. ——, 106 S.Ct. 888, 88 L.Ed.2d 922 (1986). Federal Rule of Criminal Procedure 32(c)(3)(D) governs the district court when a defendant challenges information in the presentence report. *See United States v. Ibarra,* 737 F.2d 825, 827 (9th Cir.1984).

Rule 32(c)(3)(D) provides:

If the comments of the defendant and his counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court *shall,* as to each matter controverted, make (i) a

---

**1.** The indictment charged Edwards with:

Count 1: Conspiracy to possess with the intent to distribute cocaine.

Count 2: Intentionally possessing with the intent to distribute approximately one pound of cocaine.

Count 3: Knowingly causing the distribution of approximately four ounces of cocaine.

Count 4: Knowingly causing the distribution of approximately one ounce of cocaine.

Edwards pled guilty to Counts 1, 2 and 3; Count 4 was dismissed.

**2.** Edwards contends that he also challenged the total amount of cocaine involved. Our review of the transcripts of both the hearing before Judge King and the hearing before Judge Belloni reveals that the amount of cocaine involved was not addressed at either proceeding. In addition, the presentence report indicates that Count 2 of the indictment was for the posses-

sion with the intent to distribute one pound of cocaine. The presentence report further states that "[s]ince this quantity was not confiscated in its entirety, the investigative reports do not contain a quantitative or qualitative analysis of the cocaine in Count 2." Thus, the presentence report does not make a specific representation as to the amount of cocaine, and Edwards' claim that the presentence report contains a factual inaccuracy on this question is meritless. We, therefore, decline to address this claim.

**3.** We have not addressed whether Edwards established demonstrable reliance by the court on the controverted matters because that burden does not arise when there is no record of what factors the sentencing court relied upon. *See United States v. Donn,* 661 F.2d 820, 825 n. 4 (9th Cir.1981). *See also Stewart,* 770 F.2d at 832; *United States v. Velasquez,* 748 F.2d 972, 974 (5th Cir.1984).

finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

Fed.R.Crim.P. 32(c)(3)(D) (emphasis added). Thus, Rule 32(c)(3)(D) imposes two requirements upon the sentencing judge. The first requirement is to make a finding concerning the controverted information or to make a determination that no such finding is necessary because the controverted matter will not be taken into consideration in sentencing. *See Stewart,* 770 F.2d at 832. *See also United States v. Hill,* 766 F.2d 856, 858 (4th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 257, 88 L.Ed.2d 263 (1985). The second requirement is to append a written record of such findings to the presentence report. *See United States v. Petitto,* 767 F.2d 607, 610 (9th Cir.1985); *United States v. Messer,* 785 F.2d 832, 834 (9th Cir.1986). Strict compliance with Rule 32(c)(3)(D) is required, and failure to comply will result in remand. *Petitto,* 767 F.2d at 610.

In this case, Edwards clearly controverted two matters addressed by the presentence report.[4] The first concerns Edwards' involvement in other drug dealings. The prosecution version, set forth in the presentence report, refers to a signed statement by one of Edwards' co-conspirators to the effect that Edwards was "a source who was able to bring in pound quantities of cocaine from California." The prosecution version also states that Edwards was a "multi-ounce source" for two cocaine dealers named Fish and Reames. Edwards'

signed statement, however, says that Fish and Reames were lying and that Edwards does not remember ever having met them. Edwards generally denied the other drug dealings attributed to him, except for the one to which he pleaded guilty.

The second matter controverted by Edwards concerned his alleged attempts to suborn perjury or obstruct justice. The prosecution version states that Fish "informed" that Edwards offered him $10,000 and a job if Fish would not testify against Edwards. The prosecution version further states that the U.S. Attorney's office advised that Edwards had requested his parents and brother to perjure themselves by supplying Edwards with a false alibi, and that in order to prevent such perjury by Edwards' brother, Edwards' father elected to testify against Edwards, a development that led to Edwards' decision to plead guilty. Edwards, on the other hand, stated that Fish was lying, and that his father's decision to testify against him arose from wholly different causes. Edwards' brother testified at the first sentencing hearing that Edwards had never asked him or his parents to perjure themselves.

Neither of these two general disputes has ever been resolved. There were no factual findings entered in connection with the hearing before Judge King. At the later evidentiary hearing before Judge Belloni, one additional witness[5] testified for Edwards, with regard to other matters. No findings were entered concerning whether Edwards had been involved in additional drug dealings, or had attempted to induce witnesses to refrain from testifying or to perjure themselves. Nor, despite the government's arguments to the contrary, can we find any statement on the record

---

**4.** In an addendum to the presentence report, Judge King ordered that the presentence report be modified to reflect certain "discrepancies," namely, that Edwards denied:

   1. That he paid Dean Fish any monies.
   2. That he had any meeting with Dean Fish.
   3. That he pled guilty to prevent his father and brother from perjuring themselves.
   4. That he was considered to be a truant.

The record of both hearings and the presentence report refine or modify this list as we describe above.

**5.** The evidentiary hearing before Judge Belloni was clearly understood to be supplementary to the first hearing before Judge King. A transcript of the first hearing was available to Judge Belloni.

that the resolution of these disputes was unnecessary because the judge was not taking them into account in passing sentence.

■ The government contends that one statement by Judge Belloni indicates that he was disregarding these disputed matters. At the second evidentiary hearing, the government attorney made an argument portraying Edwards as a major figure in the cocaine conspiracy, reciting that there were several things "we know" concerning Edwards' complicity. When Edwards' attorney began to make a statement in contradiction, Judge Belloni stated:

> You might be—you may speak. It might be wasting your time because all of these things that Mr. Osborn says we know.[6] I don't know, nor even necessarily accept. I do know certain things, including the fact that Mr. Edwards pleaded guilty to Counts 1, 2 and 3. And I know a few other things, mostly from Mr. Edwards' statement. So that's what I know. So if you're going to . . .

In context, we cannot regard these remarks as a statement that all of the disputed matters were being disregarded for purposes of sentencing, within the meaning of Fed.R.Crim.P. 32(c)(3)(D). Instead, Judge Belloni appears simply to have been pointing out that the government attorney could not speak for the court concerning what was "known" about Edwards.

This case differs from *Ibarra*, where we found a somewhat ambiguous statement of a sentencing judge to comply with Rule 32. There, however, the sentencing judge stated that two particular disputed points did not matter. They were the only points in issue. Judge Belloni's statement, on the other hand, did not encompass all of the disputed factual issues, nor did it specify which matters were being disregarded and what "few other things" were still being taken into account. To accept the statement as a fulfillment of the requirements of Rule 32(c)(3)(D), a purpose the statement does not seem to have been intended to serve, would ignore the caveat we issued in *Ibarra:*

> [T]he district courts should follow the command of Fed.R.Crim.P. 32(c)(3)(D) more precisely. When a district court confronts a challenge to the accuracy of information in a presentence report, it should *explicitly state for the record* either its finding regarding the challenge, or its decision not to take the matter controverted into account when imposing sentence. By adhering to this modest requirement, the district courts can help reduce unnecessary appeals based on the parties' misunderstanding of the record.

*Ibarra,* 737 F.2d at 827–28 (emphasis added) (footnote omitted). That caveat is in accord with the Fourth Circuit's ruling on the requirements of Rule 32(c)(3)(D):

> Reading the wording of the rule together with the Advisory Committee Notes, we have come to the conclusion that for any such controverted factual matter *the district court should state on the record* how it has treated the matter. It is not necessary for the district court in each case to make a finding that the controverted fact is either true or not true, but it is necessary for the district court to say how it treats the controverted fact in sentencing.

*Hill,* 766 F.2d at 858 (emphasis added).

The district court did enter findings of fact with respect to sentencing some five months after Edwards filed his notice of appeal. The government contends that these findings fulfill the requirement of Rule 32(c)(3)(D),[7] while Edwards argues

---

**6.** The quoted transcript has a period at this point. The sense makes clear that a comma is called for.

**7.** The findings do not resolve the disputed matters. They recite that the sentencing judge reviewed the grand jury testimony of the co-conspirators, the testimony before Judge King, the letters submitted on Edwards' behalf, and that he considered the oral testimony before him. The findings then state:

> Based on my review of this material, I find that Edwards introduced a friend from Southern California to Mr. Sandkuhler for the purpose of conducting a drug transaction whereby cocaine would be brought into Hawaii.

that the district court lacked jurisdiction to enter them because of the filing of his notice of appeal. We agree with Edwards.

■ The effective filing of a notice of appeal is an event of jurisdictional significance. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam); *see Doyle v. United States*, 721 F.2d 1195, 1197 (9th Cir.1983). "[I]t confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58, 103 S.Ct. at 402. Thus, findings of fact may ordinarily not be modified while an appeal is pending concerning them. *Barber v. United States*, 711 F.2d 128, 130 (9th Cir.1983); *see Flynt Distributing Co. v. Harvey*, 734 F.2d 1389, 1395 n. 3 (9th Cir.1984).

■ While the rule divesting the district courts of jurisdiction upon the filing of a notice of appeal is not absolute, there are sound reasons for applying it here. Rule 32(c)(3)(D) clearly contemplates that the determinations regarding disputed factual material will be made prior to sentencing. The court must either resolve the factual dispute or determine that no such finding is necessary "because the matter controverted *will not* be taken into account in sentencing." Fed.R.Crim.P. 32(c)(3)(D) (emphasis added). The defendant is not only entitled to know whether the disputed matter has affected his sentencing; he is entitled to a sentence that is imposed in light of either a resolution of the disputed issues or a clear election by the sentencing judge

This transaction could not have been made without Edwards' assistance.

Based on this finding and Edwards' pleas in Counts 1, 2, and 3, I hereby sentence Edwards for imprisonment on Count 1 for a term of three years, on Count 2 for a term of imprisonment for three years and on Count 3 for a term of imprisonment for three years. These sentences shall run concurrently, followed by a three-year special parole term.

While these findings do not explicitly declare that the disputed matters in the presentence report are being disregarded, they arguably imply that the sentence was based only on the transaction to which Edwards pleaded guilty.

not to consider them. Failing such compliance with Rule 32(c)(3)(D), the defendant has the opportunity for a meritorious appeal and a right to resentencing. *Pettito*, 767 F.2d at 610. We fail to see how this purpose [8] of Rule 32(c)(3)(D) or an orderly process of appeal is served if the record absence of compliance with the Rule may be cured by findings entered long after an appeal is filed. We can accept no such conclusion.

The exceptions to the rule that a notice of appeal deprives the district court of jurisdiction are readily distinguishable. In *Doyle v. United States*, 721 F.2d at 1198, we held that a district court may correct an illegal sentence under Rule 35(a), Federal Rules of Criminal Procedure, despite the pendency of an appeal. We emphasized, however, that the illegality was clear-cut and left no room for doubt as to what the district court or the court of appeals would have to do to correct the illegality. We held that this fact distinguished the case from *United States v. Burns*, 446 F.2d 896 (9th Cir.1971), in which we held that the district court was without jurisdiction to reduce a sentence pursuant to Rule 35(b), Federal Rules of Criminal Procedure, once a notice of appeal was filed. Edwards' case is far more like *Burns* than it is like *Doyle*, for the district court here had any number of options concerning the treatment of the disputed findings. There was no mechanical correction that it was bound to make. Most important, Rule 32(c)(3)(D) requires that the district court exercise its options for the purpose of sentencing, not five months thereafter.

8. The second requirement of Rule 32(c)(3)(D), that a written record of the finding or determination be appended to the presentence report, raises different concerns. Because that requirement is directed at informing the Bureau of Prisons or the Parole Commission of the basis of the sentence, it may well be unaffected by the filing of a notice of appeal. We need not rule on that point, because the first requirement of Rule 32(c)(3)(D), that a finding or determination be made for purposes of sentencing, was not met on the record prior to the filing of the notice of appeal.

Also distinguishable are those cases holding that the district court retains jurisdiction, despite the pendency of an appeal, to rule upon ancillary matters or to enter orders relating to a continuing course of supervision by the district court. *See Masalosalo v. Stonewall Insurance Co.,* 718 F.2d 955, 956–57 (9th Cir.1983) (district court retains power to award attorneys' fees); *Hoffman v. Beer Drivers & Salesmen's Local Union No. 888,* 536 F.2d 1268, 1276 (9th Cir.1976) (district court retains power to modify injunction in labor dispute, in order to maintain status quo). No such matters are involved here.

 We conclude, therefore, that the district court was without jurisdiction to make the determinations required by Rule 32(c)(3)(D) five months after the notice of appeal was filed. Because the record properly before us fails to show compliance with the Rule, we must remand the case for resentencing. *Pettito,* 767 F.2d at 610; *see United States v. Solomon,* 795 F.2d 747, 749 (9th Cir 1986).

## II. Substitution of Judges

 Edwards objected to the reassignment of his case to Judge Belloni for completion of sentencing. Edwards argues for the first time on appeal that he had "an implied plea bargain right" to have the judge who accepted his plea also impose sentence. Absent exceptional circumstances, this court will not consider issues raised for the first time on appeal. *See, e.g., United States v. Larios,* 640 F.2d 938, 942 (9th Cir.1981). Edwards does not argue that exceptional circumstances exist that warrant consideration of this new issue at the appellate level, and we decline to consider the merits of Edwards' implied plea bargain theory.

In addition, the Federal Rules of Criminal Procedure permit a judge other than the trial judge to sentence a defendant. *See* Fed.R.Crim.P. 25(b). *See also United States v. Rosales-Lopez,* 617 F.2d 1349, 1357 (9th Cir.1980), *aff'd,* 451 U.S. 182, 101 S.Ct. 1629, 68 L.Ed.2d 22 (1981); *United States v. Ortiz,* 603 F.2d 76, 81 (9th Cir.

1979), *cert. denied,* 444 U.S. 1020, 100 S.Ct. 678, 62 L.Ed.2d 652 (1980). We review for abuse of discretion.

 Edwards pleaded guilty after his trial had begun. The trial transcript as well as the transcript of the September 10th proceeding was available to Judge Belloni, and Edwards does not contend that Judge Belloni failed to become familiar with the case. *Cf. Larios,* 640 F.2d at 942. Judge Belloni presided over the evidentiary hearing on sentencing matters. Under the circumstances, Judge Belloni did not abuse his discretion by proceeding with sentencing.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR RESENTENCING.