**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Miguel Angel FLORES–PAYON,
Defendant–Appellant.**

No. 90–50081.

United States Court of Appeals,
Ninth Circuit.

Submitted March 5, 1991.*

Memorandum March 26, 1991.

Order and Opinion Aug. 12, 1991.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Louis S. Katz, San Diego, Cal., for defendant-appellant.

Larry A. Burns, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

** David F. Levi, United States District Judge for the Eastern District of California, sitting by designation.

Before CANBY, and RYMER, Circuit Judges, and LEVI, District Judge.**

## ORDER

The memorandum decision filed on March 26, 1991, 930 F.2d 30, is redesignated an authored opinion, with modification, by the undersigned for publication.

## OPINION

LEVI, District Judge:

### I. BACKGROUND

On November 20, 1989, defendant Flores–Payon pled guilty to one count of conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Defendant pled guilty pursuant to an agreement under which the government promised: (1) to recommend the lower end of the guideline sentence or the mandatory minimum sentence of five years, whichever was higher; (2) not to seek a superseding indictment charging appellant with possession of a firearm in violation of 18 U.S.C. § 924(c); and (3) to dismiss the remaining counts of the indictment. At the entry of the guilty plea, the government advised the court that "as we calculated it the lower end of the Guidelines is three months higher than the mandatory minimum," which would be 63 months. Reporter's Transcript of Plea, at 15:11–12. Before accepting defendant's plea, the district court informed him of the maximum sentence for the offense to which he was pleading guilty, explained that the court would not be bound by the government's sentencing recommendation, warned defendant that he would not be able to withdraw his guilty plea based on any miscalculation of the guideline sentence by his counsel, and told defendant that the court could depart upward from the guideline range. Flores–Payon acknowledged that he understood these matters.

The presentence report concluded that the sentence range was from 78 to 97 months, and recommended a sentence of 78 months. The offense level calculation was based on the amount of heroin defendant possessed (470 grams), on the fact that one coconspirator possessed a firearm during commission of the offense, and on defendant's acceptance of responsibility. Defendant objected to the presentence report on two grounds relevant to this appeal. First, defendant argued that his offense level should not have been increased for use of a firearm, because he did not know his coconspirator had a gun, and he did not personally possess the weapon. Second, he argued that he played only a minor or minimal role in the offense, and therefore was entitled to a decrease in the offense level. The probation officer filed a response to defendant's objections noting that Flores–Payon had previous knowledge of his co-defendant's possession of the firearm, and contending that because defendant played a coequal role in the offense he was not a minor participant entitled to a decrease in the offense level. At sentencing, the district judge stated that he had read the presentence report, defendant's objections thereto, and the addenda to the report. After hearing argument from Flores–Payon's counsel, the district court overruled defendant's objections, and sentenced him to 78 months.

This appeal raises the following five issues: (1) did the district court sentence defendant in violation of the plea agreement?; (2) did the district court err by failing to find defendant was a minor participant?; (3) did the district court err by enhancing defendant's sentence based on his co-defendant's possession of a firearm?; (4) did the prosecutor engage in misconduct by recommending a sentence beyond the plea agreement?; and (5) did defendant waive certain of these issues failing to raise them in the district court?

## II. DISCUSSION

### A. Waiver

■ Defendant argues that he was sentenced in violation of the plea agreement. He contends that both the sentence imposed and statements by the prosecutor at sentencing violated the plea agreement. Defendant did not raise either of these contentions in the district court.

■ Issues not presented to the trial court cannot generally be raised for the first time on appeal. *United States v. Whitten*, 706 F.2d 1000, 1012 (9th Cir.1983). This general rule is supported by considerations of fairness and judicial efficiency. *See id.* ("It would be unfair to surprise litigants on appeal by final decision of an issue on which they had no opportunity to introduce evidence"). In *United States v. Edwards*, 800 F.2d 878, 884 (9th Cir.1986), we declined to consider the merits of an appellant's claim that his sentence violated an implied right under his plea bargain where the appellant failed to raise the issue at the district court. Disputes concerning the existence and terms of a plea agreement generally pose factual questions for resolution in the district court, *see United States v. Sutton*, 794 F.2d 1415, 1423 (9th Cir.1986), which we review for clear error. *United States v. Helmandollar*, 852 F.2d 498, 501 (9th Cir.1988).

■ We have recognized certain narrow exceptions to the general rule against review on appeal of issues not raised below: "if (1) there are 'exceptional circumstances' why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court." *United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir.1990). *See United States v. Smith*, 905 F.2d 1296 (9th Cir.1990). Further exception may be made when plain error has occurred and an injustice might otherwise result. *See Whitten*, 706 F.2d at 1012; Fed.R.Crim.P. 52. In any particular case, these limited exceptions may apply to a claim that a plea agreement has been violated.

The Eleventh Circuit shares our view, as evidenced in *Edwards*, that a claim of violation of a plea agreement generally may not be raised for the first time on appeal. *See United States v. Jefferies*, 908 F.2d 1520, 1524 (11th Cir.1990).[1] However, the Third and Tenth Circuits take a different view of this matter and have held that the alleged breach of a plea agreement may be raised for the first time on direct appeal. *See United States v. Hand*, 913 F.2d 854, 856 n. 2 (10th Cir.1990); *United States v. Moscahlaidis*, 868 F.2d 1357, 1360 (3rd Cir. 1989). With no additional analysis, both *Hand* and *Moscahlaidis* merely rely on citation to authorities which are distinguishable from the case before us.

*Hand* relied exclusively on *United States v. Shorteeth*, 887 F.2d 253, 255 (10th Cir.1989). *Shorteeth* involved a direct appeal of a sentence in which the government contended that the defendant had waived her opportunity to object to the district court's consideration of certain information concerning the defendant by failing to raise the claim in the district court. Defendant sought to argue for the first time on appeal that Sentencing Guideline § 1B1.8 [2] prohibited consideration of the information. The court stated that "[f]ailure to properly object to breach of a plea agreement at a sentencing hearing ordinarily does not waive the objection. A *Guidelines* § 1B1.8 objection is closely analogous." *Shorteeth*, 887 F.2d at 255 (citations omitted.)[3] The court decided to reach the defendant's

claim on appeal because defense counsel had objected in the district court to the court's consideration of the particular information on a different ground, because defense counsel was understandably surprised by the district court's reliance on the information, and because "[t]here [was] no indication in the record that either the district judge or counsel was aware of" the Guideline at issue. *Id.* at 255. By contrast here all counsel, the defendant, and the district court were well aware of the plea agreement. Nor was there unfair surprise, or any objection raised.

In *Moscahlaidis*, the Third Circuit held on a direct appeal that even if the defendant did not object to a purported breach of the plea agreement at the sentencing hearing, "such failure does not constitute a waiver." 868 F.2d at 1360. In support of its conclusion, the court cited *United States v. Benchimol*, 471 U.S. 453, 457, 105 S.Ct. 2103, 2105, 85 L.Ed.2d 462 (1985) (Stevens, J., concurring); *United States v. Greenwood*, 812 F.2d 632 (10th Cir.1987); *United States v. Brody*, 808 F.2d 944, 947 (2nd Cir.1986); *Paradiso v. United States*, 689 F.2d 28 (2nd Cir.1982); and *United States v. Corsentino*, 685 F.2d 48 (2nd Cir.1982). But each of these cases is distinguishable from the case at hand because in each instance the district court had an opportunity to develop a record following the defendant's claim of breach, either in the original proceeding or on collateral review.[4]

1. *Jefferies* was a direct appeal of a criminal sentence. The court noted:
   > Generally, we do not consider arguments raised for the first time on appeal.... Recently, we have confirmed that this doctrine applies to errors regarding the sentence imposed. *See United States v. Prichett*, 898 F.2d 130, 131 (11th Cir.1990) (per curiam) (government's failure to object to district court's departure from sentencing guidelines "fatal" to its appeal). The purpose of this doctrine is to give the district court the opportunity to correct its errors. *Id.* Because Jefferies did not object to the term of supervised release as a violation of [the] plea agreement, he has waived the right to appeal this issue.
   > 908 F.2d at 1524.

2. Guideline § 1B1.8 provides that when a defendant cooperates with the government by providing information, and the government agrees not

to use the information against the defendant, the information shall not be used in determining the guideline range.

3. The *Shorteeth* court in turn relied on *Moscahlaidis*, 868 F.2d at 1360, and *Paradiso v. United States*, 689 F.2d 28, 30 (2nd Cir.1983). *Paradiso*, discussed *infra* at n. 4, was a case on collateral review pursuant to 28 U.S.C. § 2255. *Moscahlaidis*, discussed *infra*, while a direct appeal, relied on distinguishable authority.

4. *Benchimol* was a per curiam opinion in which the Court reversed this court's award of collateral relief under 28 U.S.C. § 2255. Justice Stevens' concurring opinion suggested in dicta that "[i]f the government erred in failing to recommend affirmatively the proper sentence, the time to object was at the sentencing hearing or on direct appeal." 471 U.S. 453, 457, 105 S.Ct.

We do not find in the precedents discussed above an articulation of reasons why a litigant should be permitted as a matter of course to raise for the first time on appeal a claim of breach of the plea agreement which could have been raised in the district court. On the contrary, an alleged breach of the plea agreement is precisely the type of claim that a district court is best situated to resolve. The claim is fact-specific, may require an evidentiary hearing or proffer of evidence, and the trial court, having taken the plea and having heard the evidence, should have the first opportunity to rule. A claim of breach of the plea agreement is not generally one which the passage of time may illuminate, but rather is the sort of claim which a defendant ordinarily will recognize immediately and should be required to raise when the alleged breach can still be repaired. Thus, we continue to adhere to the holding in *Edwards* that claims pertaining to the breach of a plea agreement will not generally be considered for the first time on appeal.

A review of the record in this case reveals that defendant never raised either of the two issues regarding the alleged violation of the plea agreement in the district court. Nor does defendant demonstrate that this case warrants application of an exception to the general prohibition against considering issues for the first time on appeal. Defendant does not suggest that a relevant change in the law is involved in this case, nor does he demonstrate exceptional circumstances why the matter was not raised below or that the district court committed plain error and an injustice would result from application of the general rule barring appellate review of matters not raised in the district court. Finally, defendant's claim of breach of the plea agreement requires factual determinations concerning the nature of the agreement and the litigants' intent. Thus defendant's contentions based on an alleged breach of the plea agreement are not properly before this court.

Two of defendant's contentions remain before this court. First, did the district court err by failing to find that defendant was a minor participant? Second, did the district court err by enhancing the defendant's sentence based on his co-defendant's possession of a firearm? Each question is discussed in turn.

## B. Minor Participant

"A district court's finding that a defendant does not qualify for minimal or minor participant status is, as the commentary points out, 'heavily dependent on the facts of the particular case,' and should be upheld unless clearly erroneous." *United States v. Gillock*, 886 F.2d 220, 222 (9th

2103, 2106, 85 L.Ed.2d 462 (1985) (Stevens, J., concurring). This language can not fairly be read as deciding the issue before us.

In *Greenwood*, defense counsel "vigorously protested" the alleged breach of the plea agreement following the offending comments by the prosecutor, both at the sentencing hearing, and again in a motion brought under Fed.R.Crim.P. 35. On direct appeal, the government argued that the alleged breach of the plea agreement was not properly before the court because the defendant failed to object before the prosecutor made her remarks, and because the defendant failed to properly disclose the alleged promise to the sentencing court prior to acceptance of the plea. *Id.* at 634. The court found that the defendant's conduct did not amount to a waiver, citing *Corsentino*: "defense counsel promptly claimed breach of the plea agreement at the conclusion of the prosecutor's statement and in the later motions for reduction of sentence and withdrawal of the guilty plea." *Greenwood*, 812 F.2d at 634–35.

The defendant in *Brody* raised his claim that the prosecutor had breached the plea agreement in a Rule 35 motion before the district court, though he had not done so at the sentencing hearing. The court of appeals considered the defendant's claim on direct appeal, citing *Paradiso*.

*Paradiso* and *Corsentino*, both from the Second Circuit, were appeals of the district courts' denials of habeas corpus petitions under 28 U.S.C. § 2255. In each case, petitioners challenged the sentence as resulting from a violation of the plea bargain. In each case, petitioner's challenge to the sentence, under § 2255, was made in the district court in the first instance. The Second Circuit held that the failure to object at the time of sentence did not bar subsequent review under § 2255. The court did not hold that a petitioner could by-pass the district court in presenting his claim.

Cir.1989) (citation omitted) (quoting U.S.S.G. § 3B1.2, comment. (backg'd)).

█ Flores–Payon contends that the district court failed to make a required factual finding of his culpability relative to that of his co-defendants, and that this alleged failure constitutes clear error. Neither the Guidelines nor case law, however, requires the district court to make such a finding.

In *United States v. Rigby*, 896 F.2d 392 (9th Cir.1990), we rejected the contention that a district court must make express factual findings concerning a defendant's role in a crime. *Id.* at 394. We noted that the Guidelines simply require the sentencing court to give the parties an opportunity to present information to the court regarding any disputed factors which are important to the sentencing determination. *Id.* (citing U.S.S.G. § 6A1.3(a)). We also found that the district court's obligation is to "make clear on the record its resolution of all disputed matters...." *Id.* As in *Rigby*, the district court in this case provided defendant with a full opportunity to present his position, both in writing and orally, and made clear on the record the court's resolution of the disputed issues. *See* Transcript of Sentencing, 5:22–25, 6:10–7:3. The court need not have done more.

Defendant asserts that he was merely a courier, and that as such he was a minor participant entitled to a reduction in the offense level. In *Rigby* we declined to decide whether a defendant's status as a "mule" or "courier" entitles that defendant to a lower guideline range as a minor participant under Sentencing Guidelines § 3B1.2(b). Because defendant in this case did more than act as a simple courier, we similarly need not decide the issue here.

█ The district court specifically considered and rejected defendant's written and oral arguments that he was a minor participant within the meaning of Guideline § 3B1.2(b). The court explicitly relied on the Second Addendum to the Presentence Report, which found that defendant had played a distinct role in the offense by delivering 470 grams of heroin to the scene of the drug transaction for which he was to earn $500, the same amount as one of his two co-defendants. According to the presentence report, defendant was not merely a courier but was an actual participant in a drug transaction who attended the negotiations and then brought the drugs to the scene. Sentencing Transcript, at 6 (citing Second Addendum to the Presentence Report, at 1:48–2:4). Moreover, the government proffered evidence that at the site of the drug transaction, defendant commented that the heroin was of "good quality" and that it "could be cut at a one-to-one ratio." Sentencing Transcript, at 12. Based on this record, the district court's finding that defendant was not entitled to a reduction in sentence for minor participation was within the court's discretion and was not clearly erroneous.

### C. Firearm Enhancement

█ The final remaining question is whether the district court erred by enhancing defendant's sentence based on his co-defendant's possession of a firearm. In the Presentence Report the probation officer recommended an increase in the base level offense by two levels because a firearm was present during commission of the offense, pursuant to Guideline § 2D1.1(b)(1).

Defendant notes that the government promised in the plea bargain not to seek a superseding indictment charging him with possession of a firearm in violation of 18 U.S.C. § 924(c). From this, Flores–Payon contends that this term of the plea bargain should have barred an increase in his offense level calculation based on the presence of the weapon.

█ The government did not promise in the plea bargain that the fact a weapon was used by a co-defendant during commission of the offense would not be included in calculating defendant's sentence. The government's decision to seek a superseding indictment charging defendant with possession of a firearm in violation of 18 U.S.C. § 924(c), with its minimum mandatory sentence of five years imprisonment, and the court's consideration of a weapon

as a specific offense characteristic in computing the offense level for sentencing purposes are two entirely different matters. Defendant successfully bargained as to the first, but not as to the second. Indeed, the government could not bargain away the district court's duty to consider all relevant facts in applying the Sentencing Guidelines. Moreover, the district court's consideration of a weapon appears entirely appropriate. The Second Addendum to the Presentence Report notes that defendant had prior knowledge that one of his co-defendants possessed a firearm, and concluded that this knowledge justified including the weapon offense characteristic in computing the offense level. Inclusion of the specific offense characteristic pertaining to the use of a firearm in calculating defendant's sentence was not clearly erroneous.

AFFIRMED.