956 F.2d 1169
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Charles ROBICHAUD, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gina Sue BLACK, aka Regina Black, Defendant-Appellant.
 Nos. 91-50023, 91-50233.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 1992.*
Decided March 12, 1992.
 
 Before CANBY, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robichaud raises two issues; Black four.
 
 I. Robichaud's Claims
 
 3
 A. Robichaud pled guilty to possession with intent to distribute 448 grams of at least 29% pure methamphetamine, which converts to over 100 grams pure methamphetamine. U.S.S.G. § 2D1.1(c) (Nov. 1, 1989); cf. United States v. Alfeche, 942 F.2d 697, 698-99 (9th Cir.1991). In determining the base offense level, the court must use "the offense level determined by the entire weight of the mixture or substance or the offense level determined by the weight of the pure PCP or methamphetamine, whichever is greater." U.S.S.G. § 2D1.1(c). Here, the pure weight results in the greater base offense level--32.[1] Application Note 9 to section 2D1.1, on which Robichaud pins his argument, is relevant for departure, not for determination of the base offense level.[2]
 
 
 4
 B. Robichaud contends that the district court was bound by the original plea agreement, even though the court had never accepted it. Robichaud did not argue to the district court that it was bound to apply the original plea agreement instead of the subsequent one; therefore, we will not consider this contention. See United States v. Flores-Payon, 942 F.2d 556, 558-60 (9th Cir.1991); United States v. Edwards, 800 F.2d 878, 884 (9th Cir.1986).
 
 II. Black's Claims
 
 5
 A. A loaded gun was found in the trunk of the car in which Black and Robichaud were transporting methamphetamine--and Black knew the gun was there and admitted it was hers. It is far from "clearly improbable" that the gun was connected with Black's offense. See U.S.S.G. § 2D1.1(b)(1) commentary (note 3); United States v. Heldberg, 907 F.2d 91, 93 (9th Cir.1990).
 
 
 6
 B. Black challenges the two-level increase for possession of a firearm because it was not part of the plea agreement. But the government did not bargain away the district court's right to consider all relevant facts in applying the Sentencing Guidelines. Even where the defendant pleads guilty following a plea agreement, the district court must consider whether specific offense characteristics require adjustment of the base offense level.
 
 
 7
 C. Black did not challenge her criminal history category in the district court; in fact, she agreed that it should be category III. Therefore, we will not consider her argument to the contrary now. See United States v. Visman, 919 F.2d 1390, 1393-94 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991).
 
 
 8
 D. Black's counsel was not " 'so inadequate' " that " 'the trial court's failure to take notice sua sponte of the problem' amount[s] to plain error." United States v. Laughlin, 933 F.2d 786, 789 n. 1 (quoting United States v. Wagner, 834 F.2d 1474, 1482 (9th Cir.1987)). Therefore, we do not consider her claim under Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Black may raise an ineffective assistance claim in a collateral attack under 28 U.S.C. § 2255.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The court did not err in finding that possession of over 100 grams of pure methamphetamine is punishable by a minimum ten-year sentence. 21 U.S.C. § 841(b)(1)(A)(viii); Alfeche, 942 F.2d at 698
 
 
 [2]
 Robichaud argues in his reply brief that the district court's interpretation of Application Note 9 results in an unconstitutional application of the Guidelines. We do not consider this argument since it was not raised in Robichaud's opening brief