972 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene DALLAS, Defendant-Appellant.
 No. 91-10539.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 5, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eugene Dallas appeals from his sentence, imposed following his conviction by guilty plea of abusive sexual contact in violation of 18 U.S.C. § 2244(a)1. Dallas claims the district court breached his plea agreement by departing upward four levels from the range applicable under the United States Sentencing Guidelines (Guidelines) to reflect the "real offense" he committed. Because Dallas failed to raise this claim in the district court, we decline to review it and we affirm the district court's judgment.
 
 
 3
 In March 1991, a federal grand jury indicted Dallas in two counts with aggravated sexual assault and kidnapping. On July 22, 1991, Dallas pleaded nolo contendere to a superseding information charging him with the lesser offense of abusive sexual conduct.
 
 
 4
 In accordance with the plea agreement, the government recommended no specific sentence, and Dallas waived his right to appeal. The district court granted a two-level downward adjustment for acceptance of responsibility, bringing his offense level to 14 and his Guidelines range to 18-24 months, but then departed upward four levels to reflect his "real offense" level. The court sentenced Dallas to 32 months' imprisonment, a term well within the statutory limit. Dallas failed to object at sentencing.
 
 
 5
 "Disputes concerning the existence and terms of a plea agreement generally pose factual questions for resolution in the district court," United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991) (citations omitted), [and] "will not ... be considered for the first time on appeal." Id. (citing United States v. Edwards, 800 F.2d 878, 884 (9th Cir.1986).
 
 
 6
 Because Dallas failed to object to the upward departure, we cannot ascertain from the record whether the district court's action amounted to a breach of the plea agreement. See Flores-Payon, 942 F.2d at 558. Therefore, we decline to review the claim. Id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3