988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ernest J. FRANCESCHI, Plaintiff-Appellant,
v.
CITY OF HUNTINGTON BEACH; Huntington Beach Police
Department; Tom Mays; R.E. Lowenberg; County of Orange,
Municipal Court; County of Orange, Judicial District;
County of Orange; Cecil Hicks, Defendants-Appellees.
 No. 91-56255.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1993.*
Decided Feb. 10, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CV-90-1385-SVW, Stephen V. Wilson, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 MEMORANDUM**
 Before PREGERSON, LEAVY and TROTT, Circuit Judges.
 
 
 1
 Ernest J. Franceschi appeals from a district court order granting summary judgment for defendants-appellees. Franceschi alleges that defendants violated 18 U.S.C. § 1961 ("RICO")[1] and his Fourteenth Amendment right to substantive due process by using speed traps to cite him for speeding.[2] We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 I. BACKGROUND
 
 2
 On three occasions in 1989, Huntington Beach police officers stopped Franceschi for driving at speeds of 85, 75, and 75 miles per hour. On each occasion, the police officers cited Franceschi under California Vehicle Code § 22350 for driving at a speed "greater than reasonable or prudent." Cal.Veh.Code § 22350 (West 1985). Franceschi contends that he received these citations as a result of speed traps operated by the City of Huntington Beach. See Cal.Veh.Code § 40802 (West 1985) (defining a speed trap as a stretch of highway with a prima facie speed limit, not justified by an engineering or traffic survey conducted within the last five years, and where enforcement involves the use of radar). All three speeding citations were dismissed. Franceschi then initiated this action against city and county officials. The district court ordered Franceschi to file a motion for summary judgment. The court denied that motion and entered judgment sua sponte for all defendants in all claims. Franceschi timely appealed.
 
 II. ANALYSIS
 A. RICO
 
 3
 Franceschi fails to establish a RICO claim. To prevail under RICO, Franceschi must demonstrate that the defendants-appellees engaged in a pattern of racketeering activity. See 18 U.S.C. § 1961. "Racketeering activity" is defined as "any act or threat involving murder, kidnapping, gambling, ... [or] extortion...." 18 U.S.C. § 1961(1)(A). A "pattern of racketeering" requires at least two acts of racketeering activity. 18 U.S.C. § 1961(5).
 
 
 4
 Franceschi contends that the police officers who stopped him for speeding and obtained his signature on the speeding citations are guilty of extortion by signature under California Penal Code § 522. On the three occasions Franceschi was stopped, he alleges that the officers presented him with a choice of signing the speeding citation or being taken to jail. By signing the citation, Franceschi further contends that he conveyed a "right of action" within the meaning of California Penal Code § 522. Franceschi contends that these instances constitute a pattern of racketeering activity in violation of RICO.
 
 
 5
 Franceschi's RICO claim fails because he is unable to prove the predicate offense: extortion by signature. Even if we assume that Franceschi's signature was obtained through extortionate means, i.e., under threat of unlawful imprisonment, signature on a traffic citation does not meet the requisites of California Penal Code § 522. Section 522 provides:
 
 
 6
 Every person who, by any extortionate means, obtains from another his signature to any paper or instrument, whereby, if such signature were freely given, any property would be transferred, or any debt, demand, charge, or right of action created, is punishable in the same manner as if the actual delivery of such debt, demand, charge, or right of action were obtained.
 
 
 7
 Cal.Penal Code § 522 (West 1988).
 
 
 8
 As the district court concluded, signing a traffic citation does not transfer "property" or create a "right of action" within the meaning of section 522. Undeniably, Franceschi's signature on the speeding citation created an obligation for him to appear in court. The signature also empowered the government to enforce this obligation through criminal misdemeanor proceedings.
 
 
 9
 However, California law considers a "right of action" a species of personal property. See Carver v. Ferguson, 254 P.2d 44, 45 (Cal.App.1953). Thus, the issue is whether or not the right of action created by the traffic citation signed by Franceschi can be categorized as personal property. By signing the citation, Franceschi gave the government the right to criminally prosecute. A civil right of action can be assigned or transferred, see Cal.Civ.Code § 524 (West 1985), but the defendants-appellees cannot assign or "sell" to another entity the right to prosecute Franceschi. This absolute restraint on alienation demonstrates that the right to prosecute is something other than property. Because the right to prosecute criminally is not a "right of action" for purposes of section 522, the district court properly granted summary judgment in favor of defendants on plaintiff's RICO claim.
 
 B. 42 U.S.C. § 1983
 
 10
 Title 42 U.S.C. § 1983 creates a civil right of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws." Franceschi alleges violations of his Fourteenth Amendment right to substantive due process.
 
 
 11
 According to the Fourteenth Amendment, no state "shall ... deprive any person of life, liberty, or property, without due process of law...." U.S. CONST. amend. XIV. Franceschi contends that the defendants-appellees deprived him of money and property without due process. This claim clearly fails. All three of Franceschi's speeding citations were dismissed. Consequently, Franceschi suffered no injury, spent no time in jail, and paid no money. Because Franceschi suffered no injury, he cannot establish any deprivation of liberty or property for purposes of the Fourteenth Amendment.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Racketeer Influenced and Corrupt Organizations Act, see 18 U.S.C. §§ 1961-66
 
 
 [2]
 In the Appellant's Opening Brief, Franceschi alleges violations of his Fourth Amendment freedom from unlawful seizures. Franceschi did not initiate this claim in his original complaint and thus, we do not have jurisdiction to address this allegation. See United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991)