992 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry TURNER, Petitioner-Appellant,
v.
Harold FALK, et al., Respondent-Appellees.
 No. 91-15843.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided April 30, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terry Turner, a Hawaii state prisoner, appeals pro se the district court's dismissal of his petition for writ of mandamus, construed as a petition for writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 In March 1990, appellant filed an original petition for writ of mandamus and a motion for injunctive relief with this court. The petition for writ of mandamus sought an order transferring appellant to federal custody, or, in the alternative, releasing him on parole. The motion for injunctive relief sought an order directing a prison psychiatrist to stay away from appellant. This court issued an order construing the writ and the motion as an original petition for writ of habeas corpus and transferred the petition and injunctive request to the district court. Appellant subsequently filed a second motion for injunctive relief in the district court, alleging inadequate access to the courts.
 
 
 4
 The district court, in July and August of 1990, adopted the magistrate-judge's recommendations to deny the motions for injunctive relief. Appellant filed a timely motion for reconsideration of the first order under Fed.R.Civ.P. 59(3). While that motion was pending, appellant filed two notices of appeal to this court. The first appeal was dismissed because this court denied appellant's request for a certificate of probable cause. The second appeal was dismissed voluntarily by appellant.
 
 
 5
 On January 15, 1991, appellant filed another petition for writ of mandamus in the district court, again seeking transfer to federal custody or to some other form of state or protective custody. On May 1, 1991, the district court dismissed the second petition for writ of mandamus and clarified the record to reflect that the original petition, construed by this court as a petition for writ of habeas corpus, had been denied in 1990 when the motions for injunctive relief were denied. Appellant filed a timely notice of appeal from the May 1 order, which is the subject of this appeal.
 
 
 6
 We begin by clarifying which claims are before this court in this appeal, and how they should properly be classified. Appellant's petitions for writ of mandamus did not seek relief that would be available through habeas corpus. His petitions requested transfer to federal prison or other state custody, or parole, based not upon a challenge to the fact or duration of confinement, but upon claims relating to the conditions of his confinement. See Preiser v. Rodriguez, 411 U.S. 475 (1973). His motions for injunctive relief likewise were based on the conditions of his confinement, i.e., the quality of medical treatment he was receiving, and the extent of his access to the courts. See id.
 
 
 7
 In fact, the only claim raised by appellant throughout these entire proceedings that could be construed as a request for habeas corpus relief is one first raised by appellant in his opening brief in this appeal. Appellant argues for the first time in his brief that parole was denied to him three times for improper reasons. This court will not address this claim because it was not properly raised in the district court. See United States v. Edwards, 800 F.2d 878, 884 (1986). To the extent that the claim may have been raised in the district court, we deny a certificate of probable cause to appeal. See Fed.R.App.P. 22(b).
 
 
 8
 Appellant's motions for injunctive relief are not properly before this court in this appeal. Those motions were denied in July and August of 1990, and should have been appealed at that time. See Mesirow v. Pepperidge Farm, Inc., 703 F.2d 339, 345 (9th Cir.), cert. denied, 464 U.S. 820 (1983) (appealable interlocutory orders must be appealed immediately after their entry, and not from entry of final judgment); State of California v. Block, 690 F.2d 753, 776 (9th Cir.1982) (same). The two appeals filed by appellant from those orders were filed during the pendency of a timely motion for reconsideration, and this court lacked jurisdiction to entertain them, even if they had not otherwise been dismissed. See Fed.R.App.P. 4(a)(4); Bestran Corp. v. Eagle Comtronics, Inc., 720 F.2d 1019 (9th Cir.1983).
 
 
 9
 Thus, the only claim properly before this court in this appeal is a challenge to the district court's order dismissing the second petition for writ of mandamus and "clarifying" the status of the original petition for writ of mandamus. Because both petitions raised the same claims and sought substantially the same relief, we need not address whether the district court had ever notified appellant of its denial of the first petition, and whether an appeal from that denial would be timely now.
 
 
 10
 The petitions for writ of mandamus sought an order directing state prison officials to transfer appellant to federal prison, to medium security in the state prison system, or to protective custody, or to release him on parole. This request was based on appellant's allegations that prison officials were administering dangerous medical treatment to him and failing to protect him from inmates and other officials who were trying to kill him. The district court found that numerous medical evaluations and tests contradicted appellant's claim that he needed extraordinary medical attention or protection.
 
 
 11
 We review the district court's denial of a petition for writ of mandamus for an abuse of discretion. See Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir.1986). Prison officials are given wide latitude in running a prison and in determining where to place inmates. See Hewitt v. Helms, 459 U.S. 460, 474 (1983); Bell v. Wolfish, 441 U.S. 520, 547 (1979).
 
 
 12
 The petition for writ of mandamus contains unsubstantiated and conclusory allegations concerning appellant's medical treatment, which were clearly refuted by evidence of medical evaluations and treatment. Appellant's request for protective custody based on fear for his personal safety was also unsubstantiated. We cannot say that the district court abused its discretion in dismissing the petition for writ of mandamus.[1]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant argues in his opening brief that the district court erred in dismissing the petition without addressing appellant's motion for default judgment. We disagree. The district court has inherent authority to dismiss an action sua sponte as frivolous when the plaintiff is proceeding in forma pauperis. See 28 U.S.C. § 1915(d); Jackson v. State of Arizona, 885 F.2d 639, 640 (9th Cir.1989)