26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Russell HADDEN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Russell HADDEN, Defendant-Appellant.
 Nos. 93-10429, 93-10438.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 19, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 MEMORANDUM**
 Gary Russell Hadden appeals his 105-month sentence imposed following guilty pleas to bank robbery, in violation of 18 U.S.C. Sec. 2113(a), in two consolidated cases. Hadden contends for the first time on appeal that he was sentenced in violation of the plea agreement. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 Because Hadden alleges that his sentence was imposed in violation of the plea agreement, we consider his appeal despite the waiver of the right to appeal in the plea agreement. See United States v. Gonzalez, 16 F.3d 985, 989-90 (9th Cir.1993); United States v. Bollinger, 940 F.2d 478, 480 (9th Cir.1991).
 The claim that a plea agreement has been violated generally cannot be raised for the first time on appeal. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991); see also Gonzalez, 16 F.3d at 989. We recognize certain narrow exceptions to the general rule against review on appeal of issues not presented in the trial court: if (1) there are exceptional circumstances why the issue was not raised below, (2) the new issue arises while the appeal is pending because of a change in the law, (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the district court, or (4) plain error has occurred and an injustice might otherwise result. Flores-Payon, 942 F.2d at 558.
 
 
 1
 Here, both parties agreed in the plea agreement that "defendant will be sentenced under Sentencing Guidelines offense Level 24, unless the presentence report concludes a lower level is applicable." Hadden claims that he understood that "offense level 24" would be the cap for the base offense level from which the district court could adjust downward, not the cap for the total adjusted offense level. Hadden has not demonstrated exceptional circumstances why the issue was not raised below. His claim does not arise due to a change in the law, and the record does not indicate that the district court committed plain error or that an injustice would result from application of the general rule barring claims raised for the first time on appeal. Finally, Hadden's claim involves factual determinations concerning the nature of the agreement and the litigant's intent. See Flores-Payon, 942 F.2d at 560 (breach of plea agreement claim is fact-specific, generally requiring evidentiary hearing). Accordingly, the claim raised in this appeal is not properly before the court. See United States v. Edwards, 800 F.2d 878, 884 (9th Cir.1986) (declining to consider merits of claim raised for first time on appeal that sentence violated an implied right under plea agreement).
 
 
 2
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3