983 F.2d 1078
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory Eugene CRAUN, Defendant-Appellant.
 No. 91-10617.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1992.*
Decided Jan. 6, 1993.
 
 Before TANG, PREGERSON and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gregory Eugene Craun ("Craun") appeals his sentence on eight convictions for Possession of a Stolen Vehicle, in violation of 18 U.S.C. § 2313. Craun challenges the district court's $124,668.32 restitution award and its failure to find that he accepted responsibility warranting a two point reduction in offense level. He charges also that the government breached the plea agreement. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.
 
 I.
 
 3
 Craun argues that the district court erred in ordering restitution to the purchasers of the stolen property because the purchasers were not victims of his offenses. This argument is without merit.
 
 
 4
 Under 18 U.S.C. § 3663(a)(3), "[t]he court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." Here, Craun pleaded guilty to eight counts of violating 18 U.S.C. § 2313 and agreed to make restitution to the victims of Counts Two through Eight.[1] Counts Two through Eight alleged that on or about a certain date, Craun "did receive, conceal, store, barter, sell and dispose of a stolen motor vehicle [in violation of 18 U.S.C. § 2313]." The district court therefore was authorized to order restitution to the purchasers.[2]
 
 II.
 
 5
 Craun argues that his offense level under the Sentencing Guidelines should have been reduced two levels because he made a clear acceptance of responsibility under U.S.S.G. § 3E1.1(a).
 
 
 6
 The district court, however, found that Craun did not make "an acceptance of responsibility, and certainly not a clear acceptance of responsibility." Initially, in a nineteen page handwritten letter Craun stated, "I have admitted being involved in the crime and ... accept the fact I am going to get punished...." Craun then stated at sentencing, "But I'm telling you, I didn't do it."
 
 
 7
 Based on Craun's waffling, we find that the district court's denial of a reduction was not clearly erroneous.
 
 III.
 
 8
 Craun also argues that he made a full and complete disclosure of the circumstances surrounding his offense and that the Government breached the plea agreement by failing to recommend a reduction to his sentence level. Craun did not raise this argument at the trial level. Rather, he raises it here on appeal for the first time.
 
 
 9
 We have held that "claims pertaining to the breach of a plea agreement will not generally be considered for the first time on appeal." United States v. Flores-Payon, 942 F.2d 556, 560 (9th Cir.1991). We have also recognized exceptions to the rule precluding review on appeal of issues not raised at the trial level: 1) exceptional circumstances precluded raising the issue at trial; 2) the new issue arose pending an appeal due to a change in law; 3) the issue is a question of law and the opposing party is not prejudiced; and 4) there was plain error and injustice may result. Id. at 558. Craun's claim does not fall within any of the above exceptions and is not properly before us.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In return, Craun would not be charged with money laundering or with structuring monetary transactions in violation of 18 U.S.C. §§ 1956 and 1957, respectively. The Government would also recommend a two point reduction for acceptance of responsibility
 
 
 [2]
 The purchasers are victims because they paid Craun money for heavy equipment vehicles. Upon discovering that the vehicles were stolen, they rejected the vehicles and demanded their money back. Craun did not return their money