999 F.2d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lourence C. DORMAIER, husband; Ruth M. Dormaier, wife;
Andy Dormaier, acting as guardian for Ruth M. Dormaier and
all Persons unknown claiming an interest to certain real
property in Grant County, Washington, Defendants-Appellants.
 No. 91-36216.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1993.
Decided July 14, 1993.
 
 Before BRUNETTI, LEAVY and TROTT, Circuit Judge.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lourence, Ruth and Andy Dormaier ("the Dormaiers") appeal the district court's grant of summary judgment in favor of the United States of America. The United States, acting through Farmers Home Administration, United States Department of Agriculture (FmHA), brought this action to quiet title to property that it acquired at a marshal's sale in lieu of forfeiture of a real estate contract. Contrary to the requirements of Washington law, RCW 61.30.120(5), the Dormaiers were not given notice of the pendency of the sale.
 
 
 3
 The district court ruled that the failure to give notice rendered the sale voidable but not void and that the Dormaiers were estopped from challenging the validity of the sale. We affirm.
 
 
 4
 * The Dormaiers contend that the district court erred in finding that the failure to give notice made the sale to FmHA voidable but not void. The district court based this finding on Washington's forfeiture statute RCW 61.30.140. In its September 6, 1991 order granting summary judgment, the district court stated that this section "strongly indicates that a material defect in notice, standing alone, will not render a sale void ab initio. A court is still required to weigh the equities." We agree.
 
 
 5
 After determining that the sale was voidable but not void, the district court refused to set it aside on the ground that the Dormaiers were estopped from challenging the validity of the sale since they had prejudiced FmHA and third parties by failing to challenge the sale earlier.
 
 
 6
 The district court's finding of estoppel was based both on the Dormaier's failure to contest the validity of the sale immediately after the fact when FmHA offered them buy back rights and on the Dormaiers' failure to raise the validity of the sale during debt settlement negotiations with FmHA approximately two years after the sale.
 
 
 7
 The district court's findings are well supported by the record and we affirm on the grounds stated by the district court in its September 6, 1991 order.
 
 II
 
 8
 The Dormaiers also argue the sale should have been found void, rather than voidable, because the lack of notice amounted to a due process violation. World-Wide Volkswagen v. Woodson, 444 U.S. 286, 291 (1980). The FmHA argues that no due process violation occurred because the Dormaiers had notice of the contract seller's intent to forfeit and because the Dormaiers were given the opportunity to buy back the property immediately following the sale.
 
 
 9
 The Dormaiers did not properly raise the issue of due process before the district court and the district court did not address it.[1] We decline to consider this issue for the first time on appeal. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991).
 
 III
 
 10
 Finally, we find that there are no issues of material fact that preclude the grant of summary judgment.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 The Dormaiers argue that the issue of due process was preserved for appeal because they raised the issue in a letter to counsel for FmHA that later was referenced in a letter to the district court. However, the letter to the district court does not contain a due process argument, nor does it refer the district court to the due process argument made in the letter to counsel for FmHA