12 F.3d 1110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus RODRIGUEZ-LOPEZ, Defendant-Appellant.
 No. 92-50650.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 6, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus Rodriguez-Lopez appeals the district court's sentence under the United States Sentencing Guidelines. The district court initially sentenced Rodriguez-Lopez during the period in which this court held that the United States Sentencing Guidelines were unconstitutional. See Gubiensio-Ortiz v. Kanahele, 871 F.2d 104 (9th Cir.1989). Rodriguez-Lopez later filed a motion under 28 U.S.C. Sec. 2255 to vacate his pre-guidelines sentence and for resentencing pursuant to the guidelines. This appeal arises out of the later sentence imposed pursuant to the guidelines. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Rodriguez-Lopez was released approximately four days after he was resentenced. He contends that despite a sentence at the high end of the guideline range, he had already served his entire guidelines sentence without any credit for good conduct time. Specifically, Rodriguez-Lopez contends that at the time of resentencing he was entitled to 119 days good conduct time credit accumulated during the time he served. Therefore, he argues, he served 119 more days in prison than he was required to under his guidelines sentence, and the district court erred by not reducing his 3 year period of supervised release by 119 days. Rodriguez-Lopez failed to raise this issue below.[1] This court will not consider an issue initially raised on appeal. See United States v. Flores-Payton, 942 F.2d 556, 558 (9th Cir.1991); United States v. Castro, 887 F.2d 988, 996 (9th Cir.1989).[2] Accordingly, the district court's judgment is
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although this is an appeal from a 28 U.S.C. Sec. 2255 petition, Rodriguez-Lopez is apparently challenging the execution of his sentence. If so, this action should have been brought under 28 U.S.C. Sec. 2241. A person in federal custody normally may challenge the manner of execution of his sentence under 28 U.S.C. Sec. 2241 in the district court after first exhausting Bureau of Prison remedies. See 28 C.F.R. Sec. 542.10; Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990)
 
 
 [2]
 Appellant's motion to supplement the appellant's excerpt of record in denied. See Fed.R.App.P. 10(a); United States v. Sanchez-Lopez, 879 F.2d 541, 548 (9th Cir.1989)