15 F.3d 1093
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Eric V. LOGAN, Defendant-Appellant.
 No. 91-50821.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1993.
Decided Dec. 22, 1993.
 
 Before: HUG, SCHROEDER, and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Eric Logan pled guilty to one count of armed bank robbery, and he was sentenced to 70 months in prison. Logan was injured during the commission of the offense and is now a complete paraplegic. He challenges his sentence on appeal, arguing that the prosecutor violated a provision of his plea agreement requiring the United States to remain silent on the issue of whether Logan was entitled to a downward departure. He also contends that the district court misunderstood the extent of its discretion to impose a downward departure.
 
 
 3
 Regardless of whether the Assistant United States Attorney breached the plea agreement in this case, Logan has waived his right to appeal the alleged breach because he failed to object to the AUSA's statements in the district court. United States v. Flores-Payon, 942 F.2d 556 (9th Cir.1991). He argues that in this case, the rule of Flores-Payon does not apply because determination of whether the government has violated the agreement does not require resolution of any factual dispute and only requires the court to make a simple comparison between what the government promised and what it did. We disagree. Resolution of this matter by the district court might very well have been assisted by a brief hearing as to the circumstances surrounding the plea agreement. Moreover, Logan does not offer any reason why his claim could not have been raised below, and his claim "is not ... one which the passage of time may illuminate, but rather is the sort of claim which ... [is] recogniz[able] immediately." Id. at 560. Because Flores-Payon is based, at least in part, on the need for defendants to raise breach of plea agreement claims "when the alleged breach can still be repaired," id., review is precluded.
 
 
 4
 With respect to Logan's argument that the district court misunderstood the scope of its discretion to impose a downward departure, we conclude, after reviewing the entire record in this case, that the experienced trial court judge fully understood the extent of his discretion. Defense counsel specifically asked the court to consider sentencing options involving some term of incarceration less than 70 months, but it was only in direct response to defense counsel's suggestion that a term of probation could be imposed that the district court indicated its belief that it was without discretion to depart. In fact, the court asked defense counsel about the specifics of a halfway house program that counsel had suggested, and never indicated a belief that it was without discretion to order placement in a halfway house. In addition, from the outset of the sentencing hearing, the court made its disinclination to be lenient because of Logan's physical condition clear to counsel, indicating that the court's motive in imposing a 70-month sentence had nothing to do with a belief that it was powerless to do otherwise.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3