91 F.3d 156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald NOLAN, Defendant-Appellant.
 No. 95-50343.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Nolan appeals his sentence imposed following his guilty plea to conspiracy to distribute phencyclidine ("PCP") in violation of 21 U.S.C. §§ 841(a)(1), 846. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 Nolan contends that the government breached the plea agreement by not recommending a minor role reduction pursuant to U.S.S.G. § 3B1.2 in exchange for Nolan's truthful cooperation. Specifically, Nolan contends that the government did not act in good faith by determining that Nolan was untruthful.
 
 
 4
 Nolan did not present this contention in the district court.[1] Instead, Nolan argued the merits of the minor role reduction. During the sentencing hearing, trial counsel acknowledged that it was the government's decision to determine whether Nolan was being truthful and when asked whether he would like to set aside the plea based on his belief that the government breached the plea agreement, Nolan declined.
 
 
 5
 "Issues not presented to the trial court cannot generally be raised for the first time on appeal." United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). "[A]n alleged breach of the plea agreement is precisely the type of claim that a district court is best situated to resolve. The claim is fact-specific, may require an evidentiary hearing or proffer of evidence, and the trial court, having taken the plea and having heard the evidence, should have the first opportunity to rule." Id. at 560.
 
 
 6
 We have recognized certain narrow exceptions to the general rule against review on appeal of issues not raised below, if: (1) the defendant can demonstrate exceptional circumstances why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending due to a change in the law, or (3) the issue is purely legal and addressing it would not prejudice the opposing party. Id. at 558. "Further exception may be made when plain error has occurred and an injustice might otherwise result." Id. Because Nolan's claim does not fall within any of the exceptions, we decline to address the issue. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Nolan alleged that the government breached the plea agreement in his 28 U.S.C. § 2255 motion, he raises the good faith argument for the first time here