114 F.3d 1196
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Janet Kathlee WILLIAMS, aka K.J. Kent, aka Kaylee Kent,
Defendant-Appellant.
 No. 96-50285.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 9, 1997.
Decided May 28, 1997.
 
 1
 Before: BROWNING, SCHROEDER, Circuit Judges and RESTANI, U.S. Court of International Trade Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Janet Kathlee Williams, aka Kaylee Kent ("Kent"), appeals her 121-month sentence following a guilty plea to conspiracy to import hashish, and unlawful importation of hashish, in violation of 21 U.S.C. §§ 963 and 952(a). Kent contends that the government breached the plea agreement when it failed to file a U.S.S.G. § 5K1.1 motion, and thus, that the district court erred by declining to exercise its discretion to depart downward, or grant Kent an evidentiary hearing to determine whether the refusal was done in good faith.
 
 
 4
 The plea agreement provided, in relevant part, that the prosecution would move for a section 5K1.1 departure if it determined "that [Kent] ha[d] provided substantial assistance to law enforcement in the prosecution or investigation of another...."
 
 
 5
 Kent contends that she did provide substantial assistance, and that the government therefore breached the agreement. However, the information that Kent provided did not lead to the location or prosecution of anyone, and therefore the government's determination that appellant had not provided substantial assistance was not arbitrary and the district court correctly so found.
 
 
 6
 In the alternative, appellant contends that she was entitled to an evidentiary hearing on whether she in fact provided substantial assistance or on what her interpretation of substantial assistance might have been. She did not request any such hearing before the district court. Therefore, the issue is not properly before this court. See United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable Jane A. Restani, United States Court of International Trade, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3