117 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Criciente ROMERO, Defendant-Appellee,
 No. 96-56320.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
Decided June 24, 1997.
 
 Appeal from the United States District Court for the Central District of California, Nos. CV-95-08218-ER, CR-90-00590-ER-5; Edward Rafeedie, District Judge, Presiding. Submitted June 17, 1997* *
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Criciente Romero appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b) motion for reconsideration of its denial of his 28 U.S.C. § 2255 motion challenging his 1991 conviction for drug crimes.[1] We have jurisdiction under 28 U.S.C. §§ 1291 and 2255. We review for abuse of discretion, see Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc, 84 F.3d 1186, 1192 (9th Cir.1996), and we affirm.
 
 
 3
 "An appeal from the denial of a Rule 60(b) motion brings up the denial of the motion for review, not the merits of the underlying judgment." Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991). Pursuant to Rule 60(b), a court may relieve a party from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of the judgment. See Fed.R.Civ.P. 60(b).
 
 
 4
 Because Romero did not allege any of the bases enumerated in Rule 60(b), the district court properly denied his motion. On appeal, Romero primarily seeks reconsideration of the merits of his section 2255 motion. However, the merits of his section 2255 motion are not properly before this court. See Floyd, 929 F.2d at 1400. Romero also contends the district court erroneously dismissed his section 2255 motion because he failed to file a timely traverse. The district court noted, however, that it denied his section 2255 motion on the merits. The district court was not required to allow Romero to file a traverse nor has he shown any harm from the court's failure to provide him an opportunity to do so. See Rules Governing Section 2255 Proceedings, 28 U.S.C. foll § 2255, Advisory Committee's Note to Rule 5; Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). Finally, Romero's request for monetary sanctions against the United States' Attorney's Office for obstruction of justice is not a proper basis for a Rule 60(b) motion. Accordingly, the district court did not abuse its discretion by denying Romero's motion for reconsideration. See Floyd, 929 F.2d at 1400.[2]
 
 AFFIRMED.[3]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, Romero's request for oral argument is denied. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Romero filed his motion to "set aside the court order dismissing motion pursuant to 28 U.S.C. § 2255" more than ten days after entry of the order, we construe the motion as filed pursuant to Fed.R.Civ.P. 60(b). See Fed.R.Civ.P. 59(e) and 60(b). Romero's earlier appeal from the district court's denial of his section 2255 motion was dismissed by this court for lack of jurisdiction
 
 
 [2]
 On appeal, Romero also contends the federal courts lack jurisdiction over him. Because Romero did not present this issue to the district court we will not address it here. See United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991)
 
 
 [3]
 Romero's motion for appointment of counsel and his motion to strike his opening brief and file a substitute brief are both denied