119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco CASTILLO-FLORES, Defendant-Appellant.
 No. 96-30299.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
Decided July 18, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Francisco Castillo-Flores appeals his sentence following a guilty plea to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Castillo-Flores contends that the district court erred by not granting him a mitigating role adjustment for being a minimal or minor participant under U.S.S.G. § 3B1.2. This contention lacks merit.
 
 
 4
 "A district court's finding that a defendant does not qualify for minor or minimal participant status is heavily dependent on the facts of the particular case, and we uphold such a finding unless it is clearly erroneous." See United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994). "The defendant has the burden of proving that he is entitled to a downward adjustment based on his role in the offense by a preponderance of the evidence." Id. "Moreover, this court has consistently stated that a downward adjustment under section 3B1.2 is to be used infrequently and only in exceptional circumstances." Id. Finally, "we have recognized that possession of a substantial amount of narcotics is grounds for refusing to grant [such] a sentence reduction." United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991).
 
 
 5
 Here, on November 17, 1995, Castillo-Flores made the initial contact with an undercover officer and sold the officer approximately three grams of methamphetamine. Castillo-Flores gave the officer a business card with his pager number and agreed to talk with Gabriel Valle, Castillo-Flores's boss, about the price for larger quantities of methamphetamine. On November 20, 21 and 29, 1995, Castillo-Flores participated in transactions involving one, four, and one-eighth ounces of methamphetamine, respectively. On December 1, 1995, Castillo-Flores was involved in the sale of two pounds of methamphetamine, which culminated in his arrest. At this time, Castillo-Flores attempted to flee but was apprehended in possession of a one-pound package of methamphetamine.[1] Accordingly, the district court did not clearly err by determining that Castillo-Flores was not a minor participant.[2] See Davis, 36 F.3d at 1436-37; see also Lui, 941 F.2d at 849 (upholding denial of adjustment where defendant possessed a substantial amount of narcotics); United States v. Flores-Payon, 942 F.2d 556, 561 (9th Cir.1991) (upholding denial of adjustment where defendant commented on quality of drugs and participated in transaction).
 
 
 6
 We also reject Castillo-Flores's contention that the district court erred by failing to make an individualized assessment of his culpability. See Davis, 36 F.3d at 1436 ("The district court has no duty to make a finding regarding a defendant's relative culpability; it only needs to make its resolution of disputed matters clear."); United States v. Ocampo, 937 F.2d 485, 491 (9th Cir.1991) ("A simple statement by the district court that the defendant was not a minor participant" is sufficient).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Castillo-Flores argues that the district court erroneously relied on a phone conversation where Valle impersonated Castillo-Flores. The district court, however, relied on the fact that "on at least one occasion, Mr. Castillo-Flores was, in fact, the negotiator in the absence of Mr. Valle." It is apparent from the record that Castillo-Flores, without Valle, made the initial contact with the undercover officer and sold the officer a small quantity of methamphetamine
 
 
 [2]
 At sentencing, Castillo-Flores requested only a minor role reduction. On appeal, he argues for both a minimal and minor role reduction