**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Priscilla Ann HAMILTON, aka's Priscilla Michaels Oliver; Johnnie Michaels Oliver; Johnnie Ann Michaels; Johnnie Oliver Michaels; Priscilla Ann Pinson; Johnnie Micheals; Priscilla Oliver; Priscilla Pinson and Seal A, Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Priscilla Ann Hamilton, Defendant–Appellant**

Nos. 98–50623.
D.C. No. CR 97–00047–LGB–1.
D.C. No. CR–97–00050–LGB–1.

United States Court of Appeals,
Ninth Circuit.

Submitted March 6, 2001.*

Decided March 29, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before KOZINSKI and TALLMAN, Circuit Judges, and FOGEL, District Judge**

MEMORANDUM***

■ The district court did not clearly err in refusing to reduce Hamilton's offense level based upon her acceptance of responsibility. The district court explicitly found that Hamilton failed to display remorse and, to the contrary, attempted to blame others for her crimes throughout the trial. These findings are sufficient to support a denial of the requested downward adjustment notwithstanding the fact that Hamilton pled guilty with respect to

some of the charges in the indictments. *See James v. United States Parole Comm'n,* 159 F.3d 1200, 1204 (9th Cir. 1998), *cert. denied,* 525 U.S. 1186, 119 S.Ct. 1131, 143 L.Ed.2d 124 (1999).

■ The district court did not violate Hamilton's constitutional rights as articulated in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The sentences imposed by the district court did not exceed the statutory maximums with respect to any of the counts of conviction. Accordingly, the rights recognized in *Apprendi* are not implicated. *See United States v. Hernandez–Guardado,* 228 F.3d 1017, 1027 (9th Cir.2000).

■ Hamilton failed to raise before the district court the sentencing issues identified in her briefs with respect to grouping of counts, double counting of the same conduct, and the district court's order of restitution. We normally will not consider issues raised for the first time on appeal. *See United States v. Flores–Payon,* 942 F.2d 556, 558 (9th Cir.1991). We have departed from this general rule only when: (1) exceptional circumstances explain the failure to raise the new issue before the trial court; (2) the new issue arises while the appeal is pending because of a change in the law; (3) the new issue is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue before the trial court; or (4) plain error has occurred and an injustice might result if the new issue is not addressed on appeal. *See id.*

Hamilton asserts that the issues in question are purely legal in nature and thus fall within the third of the above exceptions. The grouping issue does not present a

** Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

pure question of law because analysis of the issue would require us to determine whether the district court properly applied the United States Sentencing Guidelines ("Guidelines") to the facts of this case. Moreover, the issue does not implicate a plain error affecting Hamilton's substantial rights because the grouping of the counts of conviction into a single group pursuant to U.S.S.G. § 3D1.2 was well supported by the facts set forth in the presentence report.

The double counting issue does present a pure question of law, and the United States will not be prejudiced as a result of Hamilton's failure to raise the issue before the district court. However, the district court did not err in applying both an adjustment for being in the tax preparation business pursuant to U.S .S.G. § 2T1.4(b)(1)(B) and an adjustment for being the leader or organizer of criminal activity involving five or more participants pursuant to U.S.S.G. § 3B1.1(a). The Guidelines make clear that the two types of adjustments are intended to address different concerns. *See* U.S.S.G. § 2T1.4, cmt. background; U.S.S.G. § 3B1.1, cmt. background. Different enhancements stemming from different concerns may be applied simultaneously. *See United States v. Kelly,* 993 F.2d 702, 705 (9th Cir.1993).

Hamilton's challenge to the order of restitution raises the purely legal question of whether a district court is required to make explicit factual findings regarding a defendant's ability to pay before ordering restitution. We previously have held that a district court is not required to make explicit factual findings regarding ability to pay, although the district court must consider the defendant's ability to pay before ordering restitution. *See United States v. Lawrence,* 189 F.3d 838, 848 (9th Cir.1999). This latter requirement is satisfied if the record reflects that the district court had at its disposal informa-

tion bearing upon the ability to pay. *See United States v. Sablan,* 92 F.3d 865, 871 (9th Cir.1996). The presentence report explicitly addressed Hamilton's ability to pay restitution.

To the extent Hamilton challenges the adequacy of the facts contained in the presentence report, we note that the presentence report contained some facts bearing upon Hamilton's ability to pay—employment history, status as a business owner and ownership of property. While these facts were somewhat sparse, the absence of additional facts was the result of Hamilton's failure to complete the financial statement. Under these circumstances, we conclude that the trial court did not commit plain error in issuing the restitution order.

AFFIRMED.