**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**JUVENILE FEMALE, Defendant—
Appellant.**

No. 07–10580.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 12, 2009.

Filed March 13, 2009.

Before: HUG, REINHARDT, and TASHIMA, Circuit Judges.

### MEMORANDUM*

Juvenile Female V. L.–S. ("Juvenile") appeals her judgment of juvenile delinquency for possession of cocaine with intent to distribute, in violation of 21 U.S.C.

---

§ 841(a)(1), and conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846. Juvenile contends that the judgment should be reversed because federal agents violated the Juvenile Delinquency Act ("JDA") by failing: (1) to advise her of her rights; (2) to notify her parents immediately upon taking her into custody; and (3) to bring her before a magistrate within a reasonable period of time. *See* 18 U.S.C. § 5033. Juvenile argues further that her inculpatory statements should have been suppressed because they were involuntary and because she had not been advised of her *Miranda* rights prior to being questioned. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

The JDA requires authorities to advise a juvenile of her rights immediately upon taking her into custody. 18 U.S.C. § 5033. If a violation of the JDA was so egregious that it deprived the juvenile of due process of law, her conviction must be overturned regardless of any harmless-error analysis. *See United States v. Juvenile (RRA–A)*, 229 F.3d 737, 744 (9th Cir. 2000). Federal agents interrogated Juvenile at the secondary inspection area of a border checkpoint without advising her of her rights. During the course of the interrogation, Juvenile made incriminating statements that were admitted against her at trial. She argues that the agents violated the JDA, and that this violation denied her due process. We disagree. Juvenile was questioned for less than 15 minutes, was not physically restrained, and was in the company of family members throughout the questioning. She was not in custody for purposes of *Miranda* or the JDA because her "freedom of action [was not] curtailed to a 'degree associated with for-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

mal arrest.'" *Berkemer v. McCarty,* 468 U.S. 420, 440, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984) (quoting *California v. Beheler,* 463 U.S. 1121, 1125, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983)). Thus, the agents were not required under the JDA or *Miranda* to advise Juvenile of her rights prior to questioning her. Immediately after the agents found the drugs on Juvenile's body and arrested her, they informed her of her *Miranda* rights. Therefore, the district court did not err in finding no violation of the JDA.

The remaining alleged JDA violations—that agents failed to notify Juvenile's parents immediately upon taking her into custody and failed to bring her before a magistrate within a reasonable period of time—did not, in this case, rise to the level of due process violations. *See United States v. Jose D.L.,* 453 F.3d 1115, 1125 (9th Cir.2006). Therefore, they are subject to harmless-error analysis. *United States v. Doe,* 862 F.2d 776, 779 (9th Cir. 1988). The same is true of Juvenile's allegation that her inculpatory statements were involuntary. *See Taylor v. Maddox,* 366 F.3d 992, 1015–16 (9th Cir.2004).

■ We conclude that any error in admitting evidence of Juvenile's inculpatory statements was harmless beyond a reasonable doubt. As a result, we need not decide whether the statements were improperly admitted. *See United States v. Khan,* 993 F.2d 1368, 1376 (9th Cir.1993). Even if Juvenile had not made incriminating statements, because of the canine alert, federal agents would have inevitably discovered large amounts of cocaine concealed underneath the clothing of Juvenile and of her grandmother, who was traveling with Juvenile when their car was stopped at the checkpoint. The drug evidence was overwhelming and was alone sufficient to overcome any reasonable doubt concerning the possession and conspiracy charges.

■ Juvenile argues that the drug evidence should have been excluded because the agents did not have probable cause to search her, but she failed to raise this argument until her reply brief. In the district court, her attorney conceded that, at the checkpoint, authorities needed only an articulable suspicion to search her, and that the articulable-suspicion standard was met. Absent plain error, the court will not ordinarily consider issues not raised at trial. *See United States v. Flores–Payon* 942 F.2d 556, 558 (9th Cir.1991). There are narrow exceptions to the rule, but none applies here. *See id.* The facts regarding the nature of the border checkpoint were not fully developed at trial, and if the district court erred in failing to apply a probable cause standard for this search, the error was not plain.

The judgment of the district court is **AFFIRMED.**