**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 4 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-30040 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00100-HZ-12 |
| v. | |
| RUBIO GUALBERTO TZIU-UC, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted November 27, 2018[**]

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Rubio Gualberto Tziu-Uc appeals pro se from the district court's order granting in part and denying in part his motion for return of property under Federal Rule of Criminal Procedure 41(g).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Tziu-Uc contends that the district court erroneously denied his request for the return of $6,500 in cash with interest. "We review the denial of a motion for return of property de novo," and "[w]e review the district court's factual findings for clear error." *United States v. Harrell*, 530 F.3d 1051, 1057 (9th Cir. 2008). The district court's finding that the government did not possess the cash in question is not clearly erroneous, because cash was not listed on the search warrant return form and Tziu-Uc failed to present any evidence demonstrating that the government possessed the cash. Accordingly, the district court did not err in denying the motion for return of the cash with interest.

Tziu-Uc also requests an order for the production of the receipt from the search, along with the discovery file from his related criminal case. He did not raise this request before the district court, and he has not shown any valid reason to allow him to raise it for the first time on appeal. *See United States v. Flores-Payon*, 942 F.2d 556, 558 (9th Cir. 1991).

**AFFIRMED.**