NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50074 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00540-PA-1 |
| v. | |
| AMERICA AGUILAR-REYES, AKA America Aguilar, AKA America Reyes Aguilar, AKA America Aguilar Ferrino, AKA Marisol Flores, AKA Sandra Lopez, AKA Areyery Reyes, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted December 7, 2020
San Francisco, California

Before: BOGGS,[**] M. SMITH, and BENNETT, Circuit Judges.

America Aguilar-Reyes challenges the district court's denial of her motion to

dismiss the indictment charging her with illegal reentry in violation of 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

§ 1326, for which she was later convicted. We affirm. Because the parties are familiar with the facts of the case, we do not repeat them here except where required to give context to our ruling.

A person is guilty of the offense of illegal reentry if she "has been denied admission, excluded, deported, or removed [from] the United States . . . and thereafter enters, attempts to enter, or is at any time found in, the United States." 8 U.S.C. § 1326(a). Aguilar-Reyes challenges three prior deportation orders—entered in 2001, 2005, and 2012—that underlie her conviction. Because we hold that the 2012 removal order was valid, we do not reach Aguilar-Reyes's challenges to the 2001 and 2005 removal orders.

The 2012 removal order was entered pursuant to 8 U.S.C. § 1225(b)(1)(A)(i), which permits expedited removal of any person "[i]f an immigration officer determines that an alien . . . who is arriving in the United States . . . is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) of this title." If the conditions are met, "the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i). Section 1182(a)(6)(C) applies to "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure . . . admission into the United States." Finally, § 1182(a)(7) applies to "any immigrant at the time of application

for admission who is not in possession of a valid unexpired . . . entry document[.]"

Aguilar-Reyes's 2012 determination of inadmissibility was based on both fraud and the possession of invalid entry documents. It is undisputed that, in 2012, Aguilar-Reyes attempted to enter the United States by presenting an LPR card that did not belong to her.

Furthermore, Aguilar-Reyes's assertions that her 2012 expedited removal independently violated her due process rights are unavailing. As an initial matter, Aguilar-Reyes did not raise this until her opening brief. The appellate court will not review an issue for the first time on appeal absent narrow exceptions including—as relevant here—a showing of plain error affecting substantial rights. *United States v. Flores-Payon*, 942 F.2d 556, 558 (9th Cir. 1991); Fed. R. Crim. P. 52(b).

Furthermore, Aguilar-Reyes did not present any evidence or allegations to the district court that would support dismissal based on infirmities in the 2012 expedited removal. It was therefore not plainly erroneous for the district court to deny the motion to dismiss. *See United States v. Leon-Leon*, 35 F.3d 1428, 1431 (9th Cir. 1994). Because the 2012 removal was independent of the 2001 and 2005 removals, and the 2012 removal was a sufficient predicate for the offense of illegal reentry, the district court did not err by denying Aguilar-Reyes's motion to dismiss the indictment.

Based on our disposition, the Government's pending motion to take judicial

3

notice is denied as moot.

**AFFIRMED.**