**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Daniel Wayne JOHNSON, Defendant—
Appellant.**

No. 00–50515.
D.C. No. CR–00–895–IEG.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 28, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WALLACE, SILVERMAN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM[2]

Daniel Wayne Johnson appeals his sentence imposed after his conviction by guilty plea for importing marijuana in violation of 21 U.S.C. §§ 952 and 960. He contends that the district court erred by making only a two-level downward adjustment for his minor participation and refusing to make a four-level downward adjustment under U.S.S.G. § 3B1.2(a) for his minimal participation in the criminal activity. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Johnson contends that Sentencing Guidelines commentary required the district court to find that he was a minimal participant because he was recruited as a courier to be paid $150 for a single unsophisticated smuggling transaction involving about eight pounds of marijuana. U.S.S.G. § 3B1.2, comment. (n.2). We hold there is no clear error in the district court's finding that Johnson did not play a minimal role compared to his two co-participants in the criminal activity. *United States v. Rojas–Millan,* 234 F.3d 464, 473 (9th Cir.2000); *United States v. Hursh,* 217 F.3d 761, 770 (9th Cir.2000). Accordingly, Johnson's contention lacks merit. *United States v. Davis,* 36 F.3d 1424, 1436–37 (9th Cir.1994) (drug courier not entitled to downward adjustment when ad-

ditional factor shows he was not minimal participant). We also reject his contention that the district court should have been required to make findings explaining why he was not a minimal participant. *United States v. Flores–Payon,* 942 F.2d 556, 561 (9th Cir.1991).

AFFIRMED.

---

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

