UNITED STATES of America, Plaintiff–Appellee,

v.

Sarah HETH, Defendant–Appellant.

No. 01–50329.

D.C. No. CR–00–01160–GAF.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2002.*

Decided Jan. 25, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Sarah Heth appeals her 18–month sentence following a guilty plea conviction to conspiracy, in violation of 18 U.S.C. § 371, and possession of stolen mail, in violation of 18 U.S.C. § 1708. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Heth first contends that the district court erred by applying the preponderance of the evidence standard, rather than the clear and convincing evidence standard, to determine whether she participated in jointly undertaken criminal activity. See U.S.S.G. § 1B1.3(a)(1)(B). We are persuaded otherwise.

We review the district court's interpretation and application of the Sentencing Guidelines de novo, and the factual findings underlying its sentencing decision for clear error. *See United States v. Jordan,* 256 F.3d 922, 926 (9th Cir.2001). When an objection to the preponderance of the evidence standard is not raised at sentencing, we review only for plain error. *See id.*

Based upon our review of the record, we conclude that Heth's enhancement did not have an extremely disproportionate effect on her sentence relative to the offenses of conviction, and therefore the district court properly applied the preponderance of evidence standard. *See United States v. Valensia,* 222 F.3d 1173, 1182–83 (9th Cir.2000) (listing the six factors relevant to whether due process requires application of a heightened standard of proof for sentencing guidelines enhancement); *Jordan,* 256 F.3d at 927 (same); *United States v. Johansson,* 249 F.3d 848, 854 (9th Cir.2001) (same).

Heth next contends that the district court erred when it concluded that her relevant conduct pursuant to Sentencing Guidelines § 1B1.3 included the value

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

of the stolen checks attributable to the entire conspiracy. Here too, we remain unpersuaded for the following reasons.

First, the conduct of Heth's co-conspirators was reasonably foreseeable because Heth admitted in her plea agreement and at the guilty plea hearing that she agreed with two or more people to knowingly and intentionally possess stolen mail. See U.S.S.G. § 1B1.3, cmt. n. 2. Second, as reflected by the scope of the parties agreement, it was reasonably foreseeable that Heth's co-conspirators also would steal checks from the mail, and deliver them to the motel rooms to be cleaned and altered. See id. Finally, the evidence clearly established that the conduct of Heth's co-conspirators was in furtherance of the jointly undertaken criminal activity because the role of each individual was critical to the success of the entire scheme. See id.; United States v. Blitz, 151 F.3d 1002, 1012 (9th Cir.1998) (concluding that defendants were responsible for losses caused by other telemarketers involved in the scheme because they were dependent on each other, and had an interest in the success of the entire operation).[1]

AFFIRMED.

---

1. We conclude that Heth has waived the contention that she was entitled to a minor or minimal role adjustment pursuant to Sentencing Guidelines § 3B1.2. See United States v. Flores–Payon, 942 F.2d 556, 558 (9th Cir. 1991) (stating that issues not raised in district court generally are waived); United States v. Montoya, 45 F.3d 1286, 1300 (9th Cir.1995) (stating that issues not raised and argued in the opening brief are deemed waived).

