**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**David Lynn FURROW, Defendant—
Appellant.**

**No. 01–30108.**

**D.C. No. CR–98–00092–EJL.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 21, 2002.[*]

Decided Sept. 12, 2002.

Before HUG, BRUNETTI and GOULD, Circuit Judges.

**MEMORANDUM**[**]

This case returns to us from a prior remand for an evidentiary hearing to determine whether the consent to a warrantless search given by Petitioner's teenage son—Isaiah—was tainted by a prior illegal search. Because the facts and procedural posture of this case are familiar to the parties, we recount them here only to the extent necessary.

We instructed the district court to determine whether Isaiah was cognizant of the initial illegal search. *United States v. Furrow*, 229 F.3d 805, 815 (9th Cir.2000), *overruled on other grounds, United States v. Johnson*, 256 F.3d 895, 913 n. 4 (9th

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Cir.2001). If the district court were to find that Isaiah was aware of the first search, it was instructed further to "decide whether the illegal search was sufficiently attenuated from the subsequent consent search to render the consent search untainted." *Id.*

The district court conducted an evidentiary hearing on remand, and specifically found that Isaiah had no knowledge of the first illegal search. Having entered this finding, there was no need to decide whether the first search was "sufficiently attenuated" from the second consent search. Petitioner appeals, and we affirm.

Petitioner argues that the district court committed reversible error by requiring him to proceed first in the evidentiary hearing to determine the extent of Isaiah's knowledge. This argument fails because this appeal arises from Petitioner's own motion to suppress evidence obtained during the series of searches, and it is the "proponent of a motion to suppress [that] has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." *Rakas v. Illinois*, 439 U.S. 128, 131 n. 1, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). Accordingly, the district court was correct to require Petitioner to proceed first.

Further, we note that Petitioner failed to raise this issue, in either oral or written argument, before the district court. Issues not presented to the district court generally cannot be raised for the first time on appeal. *See United States v. Flores–Payon*, 942 F.2d 556, 558 (9th Cir. 1991).

Petitioner also contends the district court erred in its finding that the second consent search was not tainted by Isaiah's knowledge of the preceding, illegal search. A district court's factual findings are reviewed for clear error. *See United States*

*v. Negrete–Gonzales*, 966 F.2d 1277, 1282 (9th Cir.1992).

Because the record supports the district court's determination that Isaiah lacked any knowledge of the initial search, we hold there is no clear error warranting reversal. We agree with the district court that the totality of the circumstances surrounding Isaiah's consent are sufficient to establish it was "an act of free will [that purged] the primary taint of the unlawful invasion." *Wong Sun v. United States*, 371 U.S. 471, 486, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

**AFFIRMED.**