**James Jefferson KENNER, Petitioner—Appellant,**

v.

**Miles LONG, Warden, Respondent— Appellee.**

No. 02–15262.

D.C. No. CV–98–00580–ECR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2003.

Decided Feb. 28, 2003.

Before CANBY, O'SCANNLAIN, and W. FLETCHER, Circuit Judges.

MEMORANDUM*

James Jefferson Kenner appeals the district court's denial of his habeas corpus petition brought pursuant to 28 U.S.C. § 2254. Kenner contends that the district court erred by denying his claim that the Nevada state court unconstitutionally enhanced his DUI conviction to felony status using an uncounseled prior misdemeanor conviction. He argues that he was never properly shown to have waived counsel.

We have jurisdiction under 28 U.S.C. § 1291 and 2253, and we affirm.[1]

The enhancement of Kenner's sentence because of his prior conviction survives Kenner's Sixth Amendment challenge because the record establishes that Kenner waived his right to counsel in the prior proceeding. *See Burgett v. Texas*, 389 U.S. 109, 114, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). The Nevada Supreme Court reasonably applied federal law in determining that there was adequate evidence in the record to support the finding that Kenner waived his right to counsel. The court correctly stated that "in order to rely on a prior misdemeanor judgment of conviction for enhancement purposes, the state has the burden of proving either that the defendant was represented by counsel or validly waived that right." The state called as a witness the municipal judge who canvassed Kenner in his prior misdemeanor proceeding. The judge testified that her regular procedure was to advise defendants of their right to counsel. The state also presented as evidence the docket sheet from Kenner's misdemeanor proceeding, which included the notation, "[defendant] canvassed re: cont. rgts.-waived."

The judge testified that her initials appeared alongside the entry, and that the notation signified that Kenner waived his right to counsel.

We reject Kenner's contention that his waiver was not knowing and intelligent because he was not warned of the dangers of self-representation, as required by *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). This argument was made for the first time on appeal here, and therefore is not properly before this court. *See United States v. Flores-Payon*, 942 F.2d 556, 558 (9th Cir. 1991) ("Issues not presented to trial court cannot generally be raised for the first time on appeal.").

The judgment of the district court is **AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review de novo a district court's denial of a petition for a writ of habeas corpus. *See Taylor v. Sawyer*, 284 F.3d 1143, 1147 (9th Cir.2002).