**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rodney Lynn JACKSON, aka Rodo, Defendant–Appellant.**

**No. 02–50496.**
**D.C. No. CR–00–00088–RJT–02.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 5, 2003.*

Decided Sept. 25, 2003.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Wayne R. Young, Esq., Santa Monica, CA, for Defendant–Appellant.

Ronald L. Cheng, Esq., Karen I. Meyer, AUSA, USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Before CHOY, FARRIS, and LEAVY, Circuit Judges.

## MEMORANDUM **

Rodney L. Jackson appeals his sentence of 262 months imposed following his guilty plea conviction for conspiracy to possess with intent to distribute a controlled substance (cocaine), in violation of 21 U.S.C. § 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Jackson contends the district court erred by refusing to grant him a minor role reduction pursuant to U.S.S.G. § 3B1.2(b). We review for clear error a district court's determination that a defendant was not a minor participant. *See United States v. Benitez*, 34 F.3d 1489, 1497 (9th Cir.1994).

Jackson contends that the district court's failure to consider the role of the supplier violated the mandate of *United States v. Rojas–Millan*, 234 F.3d 464, 472 (9th Cir.2000), that the court, in a minor role analysis, consider other participants in the conspiracy who were not charged as defendants in the indictment.

We reject Jackson's argument. In *Rojas–Millan*, the defendant was a courier delivering drugs from one state to another. The district court refused to consider other possible actors in the alleged conspiracy and made no findings comparing Rojas–Millan's role relative to other participants in the criminal scheme. *Id.* at 473. By contrast, the district court in the present case referred to *Rojas–Millan*, then stated:

... [The court] has considered the culpability, which is relative to the involvement of other likely actors in the scheme or conspiracy, and concludes that there is no evidence, much less by preponderance of the evidence, that suggests that there are any another actors involved in the conspiracy other than Mr. Jackson and Ms. Lebron.

... Now, arriving at that finding the Court, as mentioned earlier, has considered all the other likely actors involved in the conspiracy as revealed by the evidence and finds no such other actors. And the evidence, at least before the Court today, does not show or establish an inference that there were other actors in addition to defendants' [sic] Jack-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

son and Lebron who were involved in the conspiracy.

Jackson did not argue in the district court that the supplier for the drug sales should be considered an additional actor involved in the conspiracy alleged in the indictment. Issues not presented to the district court cannot be raised for the first time on appeal. *United States v. Flores–Payon*, 942 F.2d 556, 558 (9th Cir.1991). In any event, Jackson's argument has no merit. The district court's factual determination that Jackson was not a minor participant, and that there were no other actors, was not clearly erroneous. *See id.* at 560–61.

The sentence of the district court is affirmed.

AFFIRMED.