Hubert SCHOEPS; Christiane Schoeps, as heirs and beneficiaries of Sandra Schoeps, deceased, Plaintiffs—Appellants,

v.

WHITEWATER ADVENTURES LLC; Mark Gholson, Defendants—Appellees.

No. 03–17071.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2005.*

Decided June 29, 2005.

Gerald C. Sterns, Esq., Susie Injijian, Esq., Brenda Posada, Esq., Sterns & Walker, Oakland, CA, for Plaintiffs–Appellants.

Dena M. Roche, Esq., Jeremy Sugarman, Gordon–Creed Kelley Holl & Sugerman, San Francisco, CA, for Defendants–Appellees.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

Before: TALLMAN, BYBEE, and BEA, Circuit Judges.

MEMORANDUM **

Hubert and Christiane Schoeps brought a diversity jurisdiction wrongful death action against Whitewater Adventures and its managing owner, Mark Gholson, alleging negligence, breach of contract, and intentional misrepresentation arising from the death of their daughter, Sandra Schoeps, during a whitewater rafting trip organized by the defendants. The district court granted the defendants summary judgment on all claims. The Schoeps appeal only the dismissal of their negligence claim against Whitewater Adventures. We review *de novo* the grant of summary judgment. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004).

■ We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. The district court correctly concluded that California law precludes recovery for Sandra's personal injuries because she expressly assumed the risk of harm when she signed Whitewater Adventures' liability release form before participating in the whitewater rafting activity. *See Sweat v. Big Time Auto Racing, Inc.*, 117 Cal.App.4th 1301, 12 Cal.Rptr.3d 678, 681 (2004) (citation omitted). On the whole, the release is in plain language, contains a clear and comprehensive outline of the kinds of harm that may occur, and has the clear import of

relieving Whitewater Adventures of liability for negligence or other harms. *See Saenz v. Whitewater Voyages, Inc.*, 226 Cal.App.3d 758, 276 Cal.Rptr. 672, 676–77 (1990).

■ Moreover, we conclude that the liability release was not unconscionable. *See Ilkhchooyi v. Best*, 37 Cal.App.4th 395, 45 Cal.Rptr.2d 766, 774–75 (1995) (noting that unconscionability has "procedural and substantive elements, both of which must be present to invalidate a clause"). Substantively, it is not unreasonable or unexpected for an organizer of adventure sports to reallocate risk to the participants through a liability waiver. *See, e.g., Ford v. Gouin*, 3 Cal.4th 339, 11 Cal.Rptr.2d 30, 834 P.2d 724, 728 (1992). Procedurally, there were no hidden terms in the liability release, and the most oppressive aspect of the situation was that if Sandra refused to sign it she could not go with the group on the river and might be stuck without transportation in an isolated area. But this was not caused by any action or inaction on Whitewater Adventures' part; nor is there any evidence in the record that Denyse Caven, who had driven Sandra to the meeting point, would have been unwilling to leave with Sandra or to let Sandra drive herself, nor that no other transportation was available. The district court recognized that Sandra had only a few minutes to decide whether to sign the release and would have lost her pre-paid ticket price had she refused to sign. However, this is not sufficient to constitute oppression or lack of meaningful choice, particularly insofar as Sandra had been given a brochure before the rafting trip in which Whitewater Adventures stated: "[w]e require all trip participants to sign a liability release

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

waiver before embarking on your trip." *See Ilkhchooyi,* 45 Cal.Rptr.2d at 775.

We may affirm on any ground supported by the record, *San Jose Christian Coll. v. City of Morgan Hill,* 360 F.3d 1024, 1030 (9th Cir.2004), and therefore do not reach the issue of whether recovery is also barred under the primary assumption of risk doctrine. *See Ferrari v. Grand Canyon Dories,* 32 Cal.App.4th 248, 38 Cal. Rptr.2d 65, 67–68 (1995).

The Schoeps' maritime jurisdiction claim was not presented to the district court and so we do not consider it here. *See United States v. Flores–Payon,* 942 F.2d 556, 558 (9th Cir.1991).

AFFIRMED.